Eileen ANDREW; Nick Andrew; Carl Nick; Helen Thomas; Elwood Thomas, on behalf of themselves and all others who are now or will be similarly situated; Evan Sergie, Plaintiffs–Appellants,

v.

Otis R. BOWEN, Secretary of Health and Human Services; John A. Svahn, Comm. Social Security; Robert London Smith, Commissioner, Alaska Department Health & Social Services, Defendants–Appellees.

No. 87–3557.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1987.

Decided Jan. 26, 1988.

Tred R. Eyerly, Donald S. Cooper, Heather H. Grahame, Alaska Legal Services Corp., Anchorage, Alaska, for plaintiffs-appellants.

Larry K. Banks, Social Sec. Div., Baltimore, Md., Julie Werner–Simon, Asst. U.S. Atty., Anchorage, Alaska, for defendants-appellees.

Before ANDERSON, NORRIS and HALL, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

## I. BACKGROUND

In response to notification that their federal and state disability benefits were going to be terminated or that they were going to be declared ineligible to receive benefits, plaintiffs filed a class action suit against the Secretary of Health and Human Services (Secretary) and the State of Alaska. Plaintiffs were seeking declaratory and injunctive relief prohibiting the use of the Social Security Administration's (SSA) Claims Manual section 12605, and the Program Operations Manual System (POMS) SSI 01140.100. These sections operated to deny Supplemental Security Income (SSI) and state supplemental benefits to individuals owning Alaska commercial fishing permits which are determined by SSA to be income-producing property worth more than $6000. Under these sections, certain property was excluded as a resource for SSI purposes if its value was less than $6000 and the self-support activity in which it was used produces a return of at least 6 percent of equity value. Plaintiffs alleged that these sections violated the publication requirement of the Administrative Procedure Act (APA), 5 U.S.C. § 553; violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552; denied plaintiffs due process of law; and were contrary to the terms of governing federal statutes.

On August 11, 1983, the district court granted plaintiffs' motion for a preliminary injunction and ordered the Secretary to publish her operating policy. The order further enjoined the State of Alaska and the Secretary from terminating state and federal disability benefits under the terms of the challenged Claims Manual and POMS sections to persons who held or whose spouses held commercial fishing permits valued at more than $6,000 until forty-five days had passed after the policy was published and became final. The court based the preliminary injunction solely on the grounds that the challenged sections violated the publication requirement of the APA and the FOIA, and indicated that the plaintiffs had demonstrated a high probability of prevailing on the merits of these claims.

On May 7, 1985, the *Andrew* case was consolidated with *Sergie v. Heckler*, No. A84–458 Civ (D.Alaska).

The final regulations were published on October 22, 1985, embodying the $6,000/6 percent policy. Commercial fishing permits were specifically excluded from the $6,000/6 per cent rule. On March 27, 1986, the plaintiffs in *Andrew* requested that the court dismiss their action. Plaintiffs conceded that they had obtained the relief they sought in their original action since the Secretary had excluded fishing permits

from the new rule. On June 6, 1986, the court entered an order dismissing the *Andrew* action. The plaintiffs in *Andrew* did not seek dismissal of plaintiff Sergie's claim. Sergie's case was not dismissed to the extent it raises claims not common to the plaintiffs in *Andrew*. Sergie, who had exhausted his administrative remedies, reached a settlement with the Secretary for the amount of SSI benefits that had been withheld from him.

All plaintiffs subsequently moved for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), alleging that the position of the Secretary was not substantially justified. The district court, as far as Sergie is concerned, found that the Secretary's position, while not frivolous, was wholly without merit and granted the request for fees and costs. As far as the *Andrew* plaintiffs are concerned, the district court found that the Secretary advanced a reasonable defense which was not available to him in *Sergie*, that being that the *Andrew* plaintiffs failed to exhaust their administrative remedies. No fees were awarded since the Secretary's position was found to be substantially justified within the meaning of the EAJA.

Two issues are before us on this appeal. First, we must determine whether the district court abused its discretion when it determined that it could not award attorneys' fees for the litigation because the Secretary's defense that the original *Andrew* plaintiffs had failed to exhaust administrative remedies was substantially justified. The second issue raised is whether the district court's apportionment of attorneys' fees was proper when one law firm represented all plaintiffs, all plaintiffs had similar claims, and all plaintiffs obtained relief.

■ We review the district court's decision to deny attorneys' fees for abuse of discretion. *Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir.1987). An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact. Interpretation of the EAJA is a question of law reviewable *de novo*. *OEC v. Kunzman*, 817 F.2d at 496.

## II. DISCUSSION

Under the EAJA, a prevailing party is entitled to an award of attorneys' fees if the position of the government is determined not to be substantially justified. 28 U.S.C. § 2412(d)(1)(A).

### A. Prevailing Party Status

■ This court has adopted a two-part test for determining prevailing party status when a case has not gone to final judgment. *California Association of Physically Handicapped, Inc. v. FCC*, 721 F.2d 667, 671–72 (9th Cir.1983), *cert. denied*, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984). Under this test, the party seeking to establish "prevailing party" status must demonstrate that: (1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim. *Id.* Under the first level of inquiry, the court must identify what the lawsuit originally sought to accomplish and what relief actually was obtained. *See, id.* at 671. It must then determine whether there exists a "clear causal relationship between the litigation brought and the practical outcome realized." *McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir.1986) (citing *American Constitutional Party v. Munro*, 650 F.2d 184, 188 (9th Cir.1981).) This realized relief may come in the form of a settlement or other disposition of the case. The critical factor is whether the party seeking fees has, as a result of bringing the lawsuit, received some or all of the relief originally sought. *See id.; Lads Trucking Co. v. Board of Trustees*, 777 F.2d 1371, 1375 (9th Cir.1985).

Under the second inquiry, the court must determine whether there was a legal basis for the claim. *California Association of Physically Handicapped, Inc. v. FCC*, 721 F.2d at 671–72. While this requires some evaluation of the merits, this evaluation is extremely limited. The extent of the

court's inquiry is strictly limited to determining whether the claims asserted are "frivolous, unreasonable, or groundless, or [whether] the plaintiff continued to litigate after [they] became so." *Ortiz de Arroyo v. Barcelo*, 765 F.2d 275, 282 (1st Cir.1985).

■ We find the plaintiffs to be prevailing parties in that they secured the relief they sought in bringing suit—the exclusion of the value of commercial fishing permits necessary for self-support as a countable resource for purposes of SSI eligibility and that there was a legal basis for plaintiffs' claims.

### B. Substantial Justification

Under the EAJA, courts are required to grant costs and attorneys' fees to a prevailing party unless the government can demonstrate that its position was substantially justified. *International Woodworkers of America, AFL–CIO, Local 3–98 v. Donovan*, 792 F.2d 762, 764–65 (9th Cir.1986). The standard applicable to determine whether the government's position was substantially justified is one of reasonableness in both law and fact. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S. Code Cong. & Ad. News, 4953, 4984, 4989; *Edwards v. Heckler*, 789 F.2d 659, 665 (9th Cir.1986). The term "position" includes the underlying agency action and the legal position of the United States during litigation. H.R.Rep. No. 99–120, Part I, 99th Cong., 1st Sess. *reprinted in* 1985 U.S.Code Cong. & Ad.News, 132, 137, 144; *Edwards, supra; see also* 28 U.S.C. § 2412(d)(2)(D) (defining "position of the government").

The Secretary's underlying agency action was to utilize an unpublished policy to effectively deny SSI benefits to persons who held an Alaska commercial fishing permit valued by the Secretary at over $6,000. The district court enjoined enforcement of this policy, finding that plaintiffs had demonstrated a high probability of prevailing on the merits that the Secretary had violat-

ed the FOIA, as well as the APA. The Secretary's underlying position was described by the district court as "wholly without merit." The district court's finding that the Secretary failed to prove his underlying position was substantially justified is reviewable under the abuse of discretion standard, and its finding is reversible if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact. *OEC v. Kunzman*, 817 F.2d at 496.

The district court noted that the Secretary failed to cite a single case in support of his contention that notice, comment and publication of its internal operating policy was not required under the APA. A decision issued by this Court, *Anderson v. Butz*, 550 F.2d 459 (9th Cir.1977), was relied upon to dispose of the Secretary's argument that the FOIA did not require publication of the policy.

■ The Secretary characterizes his underlying position as "eminently reasonable," and attempts to equate this with a position that is "substantially justified." The Secretary also argues that attorneys' fees may not be awarded when the *agency* reasonably believes that its action is not arbitrary or capricious. To support this contention, the Secretary quotes from sponsors of the 1985 amendments to the EAJA during House and Senate debates who rejected the proposition that an agency action which is found to be arbitrary and capricious or unsupported by substantial evidence is presumptively unjustified under the amended Act.[1] We agree with the Secretary that arbitrary and capricious conduct is not per se unreasonable. However, we do not agree that attorneys' fees may not be awarded when the agency reasonably believed that its action is not arbitrary and capricious. The standard for determining whether the government's underlying conduct was substantially justified remains one of reasonableness.[2] The EAJA re-

---

1. Comments of Kastenmeier, Kindness and Thurmond, 131 Cong.Rec. H 4763 (daily ed. June 24, 1985) and S 9992–93 (daily ed. July 24, 1985).

2. *See, e.g., Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir.1987), *see also League of Women Voter's of California v. FCC*, 798 F.2d 1255, 1257 (9th Cir.1986) (stating that standard is one of "reasonableness" without

quires courts to examine the government's conduct, not the Secretary's beliefs with respect to his policies. We will not disturb the district court's conclusions that the agency's underlying conduct—utilizing an unpublished policy to effectively deny SSI benefits to persons who held commercial fishing licenses valued over $6,000—was "wholly without merit" and therefore not substantially justified. Clearly, the district court considered the government's conduct unreasonable. The award of fees was based on a proper interpretation of the EAJA and was not based on clearly erroneous findings of fact. Therefore, we conclude that the district court did not abuse its discretion in awarding fees.

■ The Secretary also submits that his underlying position was substantially justified because the unpublished policy effected no change in the law and had been in effect since the beginning of the SSI program. The EAJA, however, does not suggest that an agency's position is substantially justified because its position goes years without challenge. *Preston v. Heckler,* 596 F.Supp. 1158, 1160 (D.Alaska 1984).

After considering the aforementioned arguments, we find that the Secretary's underlying position is not substantially justified.

■ The parties to this appeal do not agree whether the litigation position of the Secretary was substantially justified. In the district court, the Secretary argued that the plaintiffs' claims should be denied since they failed to exhaust their administrative remedies. The district court found that this was a reasonable defense and that the Secretary's litigation position was substantially justified. Plaintiffs argue that under the EAJA, a technical defense, un-

related to the merits, cannot act as a substantial justification for an otherwise unreasonable position. Plaintiffs also contend that the district court erred when it decided that the government's position that plaintiffs had failed to exhaust their administrative remedies was reasonable.

This issue was also addressed by the Fifth Circuit in *Russell.* The argument raised by the National Mediation Board was that Russell should be awarded attorneys' fees only for the time spent contesting the government's underlying action, and not for the time spent challenging the substantially justified litigation position.

In rejecting the Board's argument, the Fifth Circuit looked to the language of the Act which defines "position of the United States" to include both the litigation position and underlying agency action without mentioning apportionment when the litigation position was justified and the underlying action was not. 28 U.S.C. § 2412(d)(2)(D). The Court added that when Congress meant to apportion fees, it did so explicitly. For instance, the subsection of the statute defining the "position" phrase provides further that "fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." *Russell v. National Mediation Board,* 775 F.2d 1284 at 1291 (quoting 28 U.S.C. § 2412(d)(2)(D)).

The Fifth Circuit refers to the legislative history and states:

[a]lthough the House Report ... notes that the "position" definition "is not meant to preclude government attorneys from asserting jurisdictional or technical defenses," H.R.Rep. No. 120 (pt. 1) at 11, 1985 U.S.Code Cong. & Ad.News at 140, the preceding sentence states that "the

considering effect of 1985 amendments), *Edwards v. Heckler,* 789 F.2d 659, 665 (9th Cir. 1986) (same) *and International Woodworkers of America,* 792 F.2d 762, 765 (9th Cir.1986) (same).

Although it is clear that a reasonableness test is applied to determine whether the government's position was substantially justified, there has been some debate since the EAJA was amended in 1985 whether the Act requires

"mere reasonableness" or "a slightly more stringent standard than one of reasonableness." *OEC v. Kunzman,* 817 F.2d 484, 498. Because we find the government's position unreasonable under either standard, we decline to entertain this question. *See, e.g., id.* ("This case ... does not require us to determine whether more than mere reasonableness is required, because the government clearly meets a higher standard.").

amendment will make clear that the Congressional intent is to provide attorneys' fees when an unjustifiable agency action forces litigation, and the agency then rides [sic] to avoid such liability by reasonable behavior during the litigation." *Id.*

The Fifth Circuit also recognized that [n]owhere in the House Report or the Congressional floor debates is there any indication that attorney fees may be awarded for time spent challenging the government's underlying action but not for time spent contesting its substantially justified litigation position.

*Russell,* 775 F.2d at 1291.

The Fifth Circuit concluded by stating that the language and legislative history of this statute make clear that the amended EAJA is designed to enable those oppressed by unreasonable government action to vindicate their rights without having to worry about attorneys' fees. Otherwise, the purpose in cases such as this, where a large portion of the successful attorney's time is spent dealing with the litigation position, would be defeated. *Id.* at 1291–92.

The Court then held that the district court should consider, when determining attorneys' fees, the time spent presenting the entire case on the merits, not just the time spent contesting the government's underlying action. *Id.* at 1292.

The Secretary argues that *Russell* can be distinguished. In *Russell,* the jurisdictional issue was inextricably bound up with the merits, in contrast to the case at bar where the government's "substantially justified" jurisdictional argument is entirely unrelated to the merits of the case. We reject this argument based upon the legislative history which provides no indication that fees should be awarded only for the time spent contesting the underlying agency action.

We elect to follow the Fifth Circuit and reject the argument that attorneys' fees should be awarded only for the time spent contesting the government's underlying action, and not for the time spent challenging the litigation position. Since we held that the Secretary's underlying action was not substantially justified, it is not dispositive whether or not the Secretary's litigation position is substantially justified. Thus we decline to reach this issue. We hold that the underlying agency position was not substantially justified and that plaintiffs are prevailing parties. As such, the district court based its decision on an erroneous legal conclusion and therefore abused its discretion when it denied the *Andrew* plaintiffs' motion for costs and attorneys' fees under EAJA. Based upon this ruling, it is also unnecessary for us to reach the issue of whether the district court's apportionment of attorneys' fees was proper.

This case is remanded to the district court for computation and reevaluation of the amount of attorneys' fees due plaintiffs. At this time, the district court should also address plaintiffs' request for attorneys' fees in excess of the EAJA's general $75.00 per hour cap.

REVERSED and REMANDED.