**Emory M. TOKUHAMA, Plaintiff,**

v.

**CITY AND COUNTY OF HONOLULU, a municipal corporation; Honolulu Police Department; Douglas Gibb, as Chief of Police of Honolulu Police Dept.; Kenneth F. Nelson and Gilbert Kilantang, Defendants.**

**Civ. No. 88–00934 ACK.**

United States District Court, D. Hawaii.

July 27, 1990.

Leu & Okuda, Gary Y. Okuda, Russell K.L. Leu, Suematsu & Lee, Leighton K. Lee, Honolulu, Hawaii, for plaintiff.

Richard D. Wurdeman, Ted H.S. Hong, Deputy Corp. Counsel, C & C of Honolulu, Honolulu, Hawaii, for defendants.

ORDER REJECTING MAGISTRATE'S REPORT AND RECOMMENDATION DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

KAY, District Judge.

## I. BACKGROUND

In August, 1987, Plaintiff Emory M. Tokuhama was arrested for drunk driving by two Honolulu police officers. The drunk driving charge was dropped after Plaintiff passed an Intoxilyzer Breath Test, but Plaintiff was then charged with driving without headlights. Both arresting officers failed to appear at Plaintiff's trial, and the charge was dismissed.

Plaintiff subsequently filed suit against the City and County of Honolulu, the Honolulu Police Department, the Chief of Police, and the two arresting officers. Since in addition to several common law state tort actions, Plaintiff alleged violations of his civil rights under 42 U.S.C. § 1983, Defendants removed the case to this Court. Defendants subsequently moved for summary judgment as to all claims, and on October 31, 1989, this Court issued an *Order Partially Granting And Partially Denying Defendants' Motion For Summary Judgment.*

This Court found that the City and County of Honolulu was entitled to summary judgment as to all 42 U.S.C. § 1983 claims against it; this Court allowed the Plaintiff's other claims to stand. The Magistrate thus summarized this Court's ruling: "a) exonerate[d] the City from all Title 42 U.S.C. § 1983 claims, b) allow[ed] the police officers to remain parties to the action in their individual capacity; and c) left only the state tort claims against the city." Report and Recommendation (R & R) at 3.

Following this Court's summary judgment order, the parties agreed to settle their dispute. Under the terms of the settlement, Plaintiff was to be paid $5,000. Defendants also agreed to pay the reasonable attorney's fees and costs incurred by Plaintiff, although they retained the right to contest the reasonableness of the fees to be requested by Plaintiff. The parties agreed that Plaintiff would submit to this

Court a request for attorney's fees, and that Defendants would pay such fees and costs as ordered by the court. The parties further stipulated that the settlement did not constitute any admission of liability by any party.

Plaintiff subsequently filed a request for $146,785.47 in attorney's fees and $8,106.33 in costs. Defendants then filed a Memorandum in Opposition to Plaintiff's Request. Defendants claimed that Plaintiff had no right to all his attorney's fees since he had not prevailed on any of his claims as required by 42 U.S.C. § 1988: *Proceedings in vindication of civil rights; attorney's fees.* Both parties then filed several supplemental memos supporting and opposing Plaintiff's request.

On February 7, 1990, Magistrate Tokairin held a hearing on Plaintiff's request for attorney's fees, and on June 1, the Magistrate issued an R & R recommending that Plaintiff's request for attorney's fees and costs under 42 U.S.C. § 1983 and § 1988 be denied. The Magistrate agreed that Plaintiff was entitled to reasonable attorney's fees pursuant to the settlement agreement, and stated that the hearing on fees would be reconvened to determine this amount unless this Court approved Plaintiff's objection to the R & R. Plaintiff now objects to the Magistrate's R & R.

## II. JURISDICTION

Because this matter arises under a suit filed pursuant to 42 U.S.C. § 1983, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## III. DISCUSSION

Pursuant to Rules of the District Court for the District of Hawaii, Rule 404–2, this Court reviews the Magistrate's R & R *de novo.*

Both parties to this dispute agree that Defendants must pay Plaintiff his reasonable attorney's fees and costs pursuant to their settlement agreement. Plaintiff, however, claims that he is thus entitled to full attorney's fees as the prevailing party in the dispute under 42 U.S.C. § 1988. In pertinent part, 42 U.S.C. § 1988 states:

In any action or proceeding to enforce a provision of sections 1981, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Defendants, on the other hand, argue that Plaintiff is not a prevailing party under § 1988, and that Plaintiff's attorney's fees must therefore be computed without reference to the statute. Defendants further argue that Plaintiff's failure to qualify as a prevailing party under the statute requires that he be awarded only minimal attorney's fees.

■ Both parties and the Magistrate apparently agree that Plaintiff would be entitled to full attorney's fees if he qualifies under 42 U.S.C. § 1988 as the prevailing party. The statute, however, states that an award of attorney's fees is at the discretion of the court. Moreover, the Supreme Court of the United States and the Ninth Circuit have both ruled that several different factors must be considered by the court when calculating the amount of attorney's fees to be awarded to a prevailing party. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Herrington v. County of Sonoma,* 883 F.2d 739 (9th Cir.1989). Thus, even under § 1988 a prevailing party may receive substantially less than full attorney's fees.

On the other hand, should this Court determine that Plaintiff is not the prevailing party in this dispute, this Court must still calculate Plaintiff's reasonable attorney's fees pursuant to the parties' settlement agreement. Thus, this Court is faced with two questions: 1) whether Plaintiff qualifies as the prevailing party, and 2) what the differences are between the calculation of reasonable attorney's fees under § 1988 and under the parties' settlement agreement.

### A. *Whether Plaintiff qualifies as the prevailing party under § 1988*

The Ninth Circuit has repeatedly held that a party does not have to win a final

judgment in order to qualify as the prevailing party under 42 U.S.C. § 1988. In *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124 (9th Cir.1983), the Lummi Indian Tribe filed an action under 42 U.S.C. § 1985, alleging that the defendants had blocked access to tribal fishing grounds. Following a settlement between the parties, both sides sought attorney's fees. The district court denied both fee requests, holding that neither party had prevailed. The court stated that both parties had received benefits and made concessions in the settlement.

The appellate court reversed the denial of attorney's fees to the Lummi Indian Tribe, and remanded the case to the district court for further proceedings. The *Lummi* court stated that "[t]here is no requirement that the party obtain formal relief on the merits. [Rather] [i]n order to be a 'prevailing party,' a plaintiff need only establish 'some sort of clear, causal relationship between the litigation brought and the practical outcome realized.'" *Lummi Indian Tribe*, 720 F.2d at 1125. The court further stated that:

> The plaintiffs sought to enjoin the defendants from interfering with their access to their fishing sites. The settlement assured them access to these sites. Accordingly, the plaintiffs received some of the benefit that they sought in bringing suit.

*Id.*

The court then held that plaintiffs should be awarded reasonable attorney's fees under § 1988, unless defendants could show special circumstances which would make the award unjust. *Id.*

In *Rutherford v. Pitchess*, 713 F.2d 1416 (9th Cir.1983), the Ninth Circuit repeated the formulations of the *Lummi* court regarding the determination of the prevailing party in cases which have not proceeded to a trial on the merits and a final judgment. The *Rutherford* court stated that "[i]n order to be characterized as a 'prevailing party,' a party need not obtain formal relief on the merits.... Rather, the party must establish 'some sort of clear, *causal relationship* between the litigation brought

and the practical outcome realized." *Id.* at 1419 (emphasis in original).

In *Clark v. City of Los Angeles*, 803 F.2d 987 (9th Cir.1986), the plaintiffs sued the city for allegedly interfering with their business operations. The plaintiffs were awarded damages in a jury trial, but the judgment was reversed and remanded because a hearsay document had been improperly introduced as evidence at trial. *Clark*, 803 F.2d at 989. Before retrial, the plaintiffs voluntarily dismissed their action, noting that the alleged harassment by the city had ceased. The plaintiffs subsequently sought reasonable attorney's fees, which the district court awarded. The defendants appealed, claiming that the plaintiffs could not be considered the prevailing parties because they had chosen to dismiss the suit.

The *Clark* court, in line with the previous decisions in *Lummi* and *Rutherford*, stated that:

> Plaintiffs need not obtain formal relief in order to enjoy prevailing status.... It is enough that plaintiffs received some of the benefit they sought in bringing the suit.... Whether a litigant has shown a sufficient causal relationship between the lawsuit and the practical outcome realized is a pragmatic factual inquiry for the district court. We review the findings for clear error.

*Id.* at 989–990.

The *Clark* court then held that the district court's finding that plaintiffs were prevailing parties according to the facts of the case was not clearly erroneous. *Id.* at 990.

■ The Ninth Circuit has recently distilled the teaching of these previous cases in *Andrew v. Bowen*, 837 F.2d 875 (9th Cir.1988). In *Andrew*, the court stated:

> This court has adopted a two-part test for determining prevailing party status when a case has not gone to final judgment. Under this test, the party seeking to establish "prevailing party" status must demonstrate that: (1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim. Un-

der the first level of inquiry, the court must identify what the lawsuit originally sought to accomplish and what relief actually was obtained. It must then determine whether there exists a "clear causal relationship between the litigation brought and the practical outcome realized." This realized relief may come in the form of a settlement or other disposition of the case. The critical factor is whether the party seeking fees has, as a result of bringing the lawsuit, received some or all of the relief originally sought. Under the second inquiry, the court must determine whether there was a legal basis for the claim. While this requires some evaluation of the merits, this evaluation is extremely limited. The extent of the court's inquiry is strictly limited to determining whether the claims asserted are "frivolous, unreasonable, or groundless, or [whether] the plaintiff continued to litigate after [they] became so."

*Id.* at 877–878 (citations omitted).

It follows that a plaintiff may qualify as the prevailing party after settling with the defendant if the plaintiff 1a) received at least some of the benefit sought in bringing suit, 1b) can show a clear causal relationship between the litigation brought and the practical outcome realized, and 2) can show that there was a legal basis for the claim.

■ In the case at bar, Plaintiff Tokuhama can fulfill these requirements. First, Plaintiff sued solely for monetary damages, and settled with Defendants for $5000 and his reasonable attorney's fees and costs. Since Plaintiff sued solely for monetary damages, he has received some of the benefit sought in bringing suit under the terms of the settlement agreement. Second, Plaintiff has demonstrated the requisite causal relationship: if he had not brought suit, there would have been no settlement agreement. Finally, according to the "extremely limited" evaluation required by *Andrew,* it is clear from the facts of the instant case that Plaintiff's claims had a sufficient legal basis and were not "frivolous, unreasonable, or groundless."

This is sufficiently established by the fact of the settlement agreement itself. Therefore, according to the *Andrew* test, Plaintiff in the case at bar qualifies as the prevailing party under 42 U.S.C. § 1988.

**B. Attorney's fees under 42 U.S.C. § 1988**

■ In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court established the procedure district courts must follow in calculating reasonable attorney's fees under § 1988:

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.... The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.

*Id.* 103 S.Ct. at 1937–1941.

The *Hensley* court thus set forth a two-step procedure. First, the district court should determine "an initial estimate of the value of [the] lawyer's services" based on the reasonable number of hours multiplied by a reasonable rate. Then, the court may adjust this initial figure by taking into account "other considerations." For criteria regarding these other considerations, the *Hensley* court directed the district courts to the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974):

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the

customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Hensley* 103 S.Ct. at 1940 n. 9.

The *Hensley* court also noted, however, that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.*

The Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), *cert. denied sub nom., Perkins v. Screen Extras Guild, Inc.*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) also adopted the twelve *Johnson* factors as criteria for the calculation of reasonable attorney's fees. In *Kerr*, the plaintiff was awarded reasonable attorney's fees following a dismissal of his suit against the defendant Guild. The plaintiff had alleged that the Guild improperly disciplined him for supplying motion-picture trade information to an industry publication. The Guild subsequently assured the court that it would cease interfering with plaintiff's union rights and the court dismissed the action. The Ninth Circuit found that the district court had not sufficiently explained the criteria it used in awarding attorney's fees to plaintiff. The Ninth Circuit then adopted the *Johnson* factors and held that a district court's failure to consider these factors in a computation of reasonable attorney's fees would constitute an abuse of discretion. *Id.* at 70.

In *Cunningham v. County of Los Angeles*, 879 F.2d 481 (9th Cir.1989) (*en banc*), *cert. denied,* —— U.S. ——, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990), the Ninth Circuit has recently specifically articulated how the decisions in *Hensley* and *Kerr* have determined the procedure that the district courts must follow in calculating reasonable attorney's fees under § 1988. The *Cunningham* court stated:

The Supreme Court has ... adopt[ed] a two-part test to channel the district court's exercise of discretion. Under this "hybrid approach" to the calculation of a reasonable attorney's fee for the prevailing party, courts must first calculate a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, the court may increase or reduce the presumptively reasonable lodestar fee, with reference to the *Johnson/Kerr* factors that have not been subsumed in the lodestar calculation.

*Id.* at 484. Thus, this Court must apply this two-part procedure in a determination of a prevailing party's reasonable attorney's fees under 42 U.S.C. § 1988.

### C. Attorney's fees under the settlement agreement

Since Plaintiff technically qualifies as the prevailing party in the instant case, this Court will calculate his award of attorney's fees pursuant to 42 U.S.C. § 1988. However, a discussion of the difference, if any, between the calculation of reasonable attorney's fees under the statute and under the terms of the parties' settlement agreement may prove useful. The difference between the calculation of attorney's fees under 42 U.S.C. § 1988 and under the terms of the settlement agreement would seem to be the two-step procedure required under the statute. Under § 1988, the court must first determine a lodestar figure as the basis for subsequent calculations pursuant to those of the twelve *Johnson* factors presented by the *Kerr* court not already subsumed in the lodestar calculation. In *Kerr*, however, the court did not speak of a lodestar figure in addition to the twelve factors it enumerated. Since *Kerr* also did not involve § 1988 or the designation of a prevailing party, the implication is that under the settlement agreement in the present case, no determination of a lodestar figure is required.

In a recently decided Ninth Circuit case, however, the court expressly held that the two-step lodestar-*Kerr* procedure was applicable to a settlement not involving 42 U.S.C. § 1988. *D'Emanuele v. Montgom-*

*ery Ward & Co., Inc.*, 904 F.2d 1379 (9th Cir.1990). In *D'Emanuele*, plaintiff brought an ERISA action against defendant. Following the trial court's grant of partial summary judgment to the plaintiff, the parties settled. The settlement agreement specified that plaintiff would receive attorney's fees in an amount deemed reasonable by the court. Following the court's award of attorney's fees to plaintiff, both parties appealed.

The defendant argued that the trial court had erred in using the two-part lodestar-*Kerr* procedure to determine the amount of plaintiff's reasonable attorney's fees pursuant to the settlement, contending that the two-step approach is only required for those cases in which one of the parties to the dispute has been designated the "prevailing party" pursuant to an applicable federal statute such as 42 U.S.C. § 1988. The Ninth Circuit ruled, however, that the two-step procedure "should be considered in determining the amount to be awarded in an ERISA case" even where the trial court has made no designation of the prevailing party. *D'Emanuele* at 1383.

Although the Ninth Circuit's decision in *D'Emanuele* only refers explicitly to ERISA cases, the principal issue addressed by the court was whether the lodestar-*Kerr* procedure should be followed in a case lacking a prevailing party. *Id.* Thus, the *D'Emanuele* ruling strongly suggests that the two-step lodestar-*Kerr* procedure is correctly applied even in a case lacking a prevailing party where the district court must determine the amount of reasonable attorney's fees. Accordingly, the lodestar-*Kerr* procedure would be appropriately applied in the case at bar even if this Court were to calculate Plaintiff's reasonable attorney's fees pursuant to the settlement agreement.

## IV. CONCLUSION

Although Plaintiff Tokuhama technically qualifies as the prevailing party under 42 U.S.C. § 1988, it does not follow that he is entitled to the attorney's fees figure which he has submitted to this Court. The statute clearly provides that the court *in its*

*discretion may allow* the prevailing party a reasonable attorney's fee. Moreover, as discussed previously, this Court must follow the lodestar-*Kerr* procedure established for the Ninth Circuit whether it calculates Plaintiff's attorney's fees under the statute or under the settlement agreement.

*D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379 (9th Cir.1990) provides a detailed account of the procedure this Court must follow in determining the amount of Plaintiff's reasonable attorney's fees:

The lodestar/multiplier adopted by the Supreme Court in *Hensley* is essentially a two-part test. First, the court must determine a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Second, the court may increase or decrease the lodestar fee based on factors identified by this circuit in *Kerr v. Screen Extras Guild, Inc.*, that are not subsumed within the initial calculation of the lodestar. Such upward or downward adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee.... In *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Supreme Court held that because some of these factors are subsumed in the initial lodestar calculation, they should not be considered in deciding whether to apply a multiplier. The subsumed factors are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained and the superior performance of counsel. "Those *Kerr* factors that are not subsumed may support adjustments in rare cases, provided the district court states which factors it is relying on and explains its reasoning."

*Id.* at 1383.

The Magistrate will have sufficient flexibility under the discretionary standards to fully consider the arguments and proof of both parties in his determination of Plaintiff's reasonable fees.

Additionally, in determining the amount of reasonable attorney's fees to be awarded, the Magistrate should consider, in his discretion, that while technically the plaintiff is the "prevailing party" as a result of the settlement agreement: (1) the agreement expressly provides that the settlement did not constitute any admission of liability by any party; (2) the results obtained were of minimal "nuisance value"; (3) in the only major motion of the case, the City was successful in obtaining dismissal of Plaintiff's § 1983 claim against it, with the Court holding that the other counts presented material issues of fact for trial, viewing the alleged facts in a light most favorable to Plaintiff; and (4) that the questions involved in the lawsuit were not unusually novel nor difficult.

Finally, in *Gr. L.A. Coun. on Deafness v. Comm. TV of So. Cal.,* 813 F.2d 217 (9th Cir.1987), the Ninth Circuit stated:

> *Hensley* held that courts "must consider the relationship between the extent of [a plaintiff's] success and the amount of the fee award." Where ... "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."

*Id.* at 222.

The Ninth Circuit further noted that the Supreme Court has offered two different approaches for setting reasonable fees where a plaintiff's success is limited. First,

> [w]here a suit includes separable legal claims, fees may be awarded only for work on claims that were successful. To do this, a "district court may attempt to identify specific hours that should be eliminated."

*Id.*

Second, when such an approach is inappropriate because the plaintiff's claims are difficult to separate, the district court may " 'simply reduce the award to account for the limited success.' " *Id.*

In *Comm. TV,* the plaintiffs' claims were difficult to separate because they "involved a common core of facts based on related legal theories." *Id.* The Ninth Circuit therefore reduced by 60% the attorney's fees figure which had been computed pursuant to the lodestar-*Kerr* procedure in order to reflect the plaintiffs' limited success on the merits of their case. In the case at bar, the Magistrate should also apply the more appropriate of these two approaches.

## V. ORDER

Accordingly, it is hereby ORDERED that the Magistrate's Report and Recommendation be rejected, that Plaintiff be designated the prevailing party, and that the Magistrate reconvene the hearing on attorney's fees and costs to determine the amount of reasonable attorney's fees and costs which Defendants must pay to Plaintiff pursuant to 42 U.S.C. § 1988.