942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence PLOTIN, Roberta May Romero, Ching San Ang Ong,
Mauricia Marquez Lua, Anabell Liera Rodas, Gustavo La
Greca-Garay, Erlinda Dagoy, Maureen James, Manisha James,
Alvin Gonzales, Reynaldo Z. Almarines, Anthony E. Jones,
Americus Ramos, Plaintiffs-Appellants,
v.
Ernest E. GUSTAFSON, District Director, Immigration and
Naturalization Service, Defendants-Appellees.
 No. 90-55597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1991.*
Decided Aug. 23, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants, Lawrence Plotin, et al., appeal the district court's denial of attorney fees pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d)(1)(A). Appellants contend the district court erred in finding they were not "prevailing parties" and in finding the government's position was "substantially justified." We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 4
 Appellants are fifteen mostly unrelated individuals who petitioned the Immigration and Naturalization Service ("INS") for various types of immigration benefits. Appellants brought a mandamus action against the Immigration and Naturalization Service, and its district director Ernest E. Gustafson (hereafter referred to collectively as INS) to compel the INS to complete the adjudication of their petitions. Appellants alleged that the INS allowed their petitions to languish up to two and one-half years without taking steps to complete the adjudication process. In addition, appellants alleged the INS failed to adjudicate petitions for immigration benefits in chronological order, which is a violation of written INS procedures. The parties voluntarily dismissed the action once the INS had "adjudicated or otherwise processed" all appellants' applications and petitions.
 
 
 5
 Appellants' filed a motion for fees under EAJA 28 U.S.C. § 2412(d)(1)(A), claiming their mandamus action had caused the INS to grant the relief they sought, i.e., adjudication of their immigration claims. The district court denied fees. Specifically, the district court found appellants' "questionable success on only four of the fifteen cases is not sufficient to establish that plaintiffs prevailed in this action under § 2412(d)(1)(A) and Beach [ Beach v. Smith, 743 F.2d 1303 (9th Cir.1984) ]." The district court also found that the government's position in the case was "substantially justified".
 
 JURISDICTION
 
 6
 This court has jurisdiction to review a denial of EAJA fees, pursuant to 28 U.S.C. § 1291. However, the INS argues that this court only has jurisdiction over the appeal of Lawrence Plotin. It asserts that appellants' notice of appeal was insufficient to give notice that all plaintiffs below were appealing as required by Fed.R.App.P. 3(c) and Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). Appellants' respond that this court has jurisdiction over all appellants under our decision in National Center for Immigrants' Rights v. I.N.S., 892 F.2d 814 (9th Cir.1989).
 
 
 7
 Appellants here used a preprinted form notice of appeal. The caption identifies Lawrence Plotin, et al., as "plaintiff", and Lawrence Plotin, et al., is inserted in the blank provided for the "Name of appellant" in the body. Accordingly, this case is controlled by our decision in Benally v. Hodel, 913 F.2d 1464, 1467 (9th Cir.1990). Benally held, "et al." fails to provide notice to the opposition and the court that any party other than the named party is appealing. National Center is inapposite, as that case requires the body of the notice of appeal contain a generic term such as "plaintiffs of "defendants" in order for the court to have jurisdiction over all appellants. Accordingly, we have jurisdiction only over the appeal of Lawrence Plotin.
 
 STANDARD OF REVIEW
 
 8
 "The determination whether a party is a 'prevailing party' [under EAJA] is a factual one. We may not disturb the district court's findings of fact unless they are clearly erroneous." McQuiston v. Marsh, 790 F.2d 798, 800 (9th Cir.1986) (citations omitted); see also Clark v. City of Los Angeles, 803 F.2d 987, 989-990 (9th Cir.1986); Braafladt v. Board of Governors of Or. State Bar Ass'n, 778 F.2d 1442, 1444 (9th Cir.1985).
 
 
 9
 This court reviews a district court's finding that the government's position was "substantially justified" for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552 (1987); see Andrew v. Bowen, 837 F.2d 875, 877 (9th Cir.1988).
 
 DISCUSSION
 
 10
 Title 28 U.S.C. § 2412(d)(1)(A) states the trial court shall award attorney fees and costs to the "prevailing party" in a suit against the United States unless the government's position was substantially justified or special circumstances exist which make an award unjust.[1] Where there has been no judgment on the merits of an action, this court has adopted a two-part test for determining who is the prevailing party. "Under this test, the party seeking to establish "prevailing party" status must demonstrate that: (1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." Andrew v. Bowen, 837 F.2d 875, 877-78 (9th Cir.1988) (citations omitted).
 
 
 11
 Appellant Plotin (Plotin) applied for an adjustment of status on behalf of his wife on January 22, 1988. They were interviewed on September 14, 1988. The INS referred the case to its Fraud Unit because Plotin's wife was twenty-six years his junior and began working for him shortly after her arrival in this country in 1981. The Fraud Unit interviewed Plotin and his wife on July 6, 1989. On July 26, 1989, the INS granted the adjustment.
 
 
 12
 The district court found no causal connection between the lawsuit, filed June 8, 1989, and the actions taken by the INS with respect to Plotin's case. We review this finding for clear error. Clark, 803 F.2d at 989-90.
 
 
 13
 The district court found persuasive the INS claim that the "catalyst that prompted decisions in [this] case was not the lawsuit but rather the fact that all necessary work was accomplished which allowed decisions on the cases to be rendered." Based on our review of the record, we do not find this finding clearly erroneous.
 
 
 14
 Because we affirm the district court's finding that Plotin was not a "prevailing party," we need not reach the issue of whether the district court abused its discretion in finding the government's position "substantially justified."
 
 
 15
 The district court's denial of EAJA fees is AFFIRMED as to appellant Lawrence Plotin. The appeal of all other appellants is DISMISSED for lack of appellate jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Samuel P. King, Senior United States District Court Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The full text of the statute is as follows: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)