946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allan Abad ABUTIN, Carmencita Abad Abutin, Mark Anthony A.
Abutin, Carl Francis Agbayani, et al., Plaintiffs-Appellants,
v.
Richard THORNBURGH, Attorney General, et al., Defendant-Appellee.
Noe AYALA, Manuel Cantuba, Iraj Daftarian, Josefina De La
Cruz, Domingo Gilberto, Myrna Flameno, Lourdes Habenicht,
Sam Okechukwu Ijomanta, Jocelyn Joaquin, Kun Lin Lee, Su
Chen Lee, Arcadio San Diego, Teofilo Reyes Zosa, Plaintiffs-Appellants,
v.
Donald B. LOONEY, Internal Revenue Service, Defendants-Appellees.
 No. 90-55915.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1991.
Oct. 9, 1991.
 
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge.*
 MEMORANDUM**
 This appeal concerns a narrow question: must a party seeking attorney fees as a prevailing party under the Equal Access to Justice Act (EAJA) obtain a formal judgment on the merits? We hold that a formal judgment is unnecessary under the law of this circuit. Accordingly, we vacate and remand to the district court for further determinations.
 FACTS
 The appellants in both actions sought mandamus and injunctive relief in district court to compel the Immigration and Naturalization Service (INS) to adjudicate their claims for various types of immigration benefits. The appellants alleged that the INS allowed their petitions to languish between two to six years without taking steps to complete the adjudication process. Further, they alleged that the INS violated its own procedures by failing to adjudicate petitions for immigration benefits in chronological order.
 In both cases the INS took action to adjudicate the claims after the filing of a complaint in district court. The 135 Abutin plaintiffs filed their action on March 13, 1989. By June 12, 1989, the INS had adjudicated 73 of the petitions, by September 12, 1989, it had adjudicated 122, and by March 20, 1990, the date of voluntary dismissal, the INS had adjudicated all of the Abutin plaintiffs' petitions, the vast majority in their favor. The Ayala plaintiffs received similar treatment from the INS.
 After dismissal of their actions, the appellants in both cases sought attorney fees pursuant to EAJA, 28 U.S.C. § 2412.[1] In Abutin, the district court denied attorney fees, holding that the plaintiffs could not be considered "prevailing parties" under section 2412 because "there has been no adjudication on the merits." The district court cited its Abutin ruling in denying attorney fees to the Ayala plaintiffs.
 DISCUSSION
 A. Jurisdiction
 The INS argues that our appellate jurisdiction extends only to the named appellants, Noe Ayala and Allan Abad Abutin, because the captions of their respective notices of appeal identify the appellants as "Noe Ayala, et al." and "Allan Abad Abutin, et al." The INS contends that the use of "et al." was insufficient to give notice that all the plaintiffs were appealing as required by Fed.R.App.P. 3(c) and Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988).
 The Supreme Court in Torres held that the use of "et al." in a notice of appeal did not give the opposing party or the court fair notice of the specific individual or entity seeking to appeal. Id. at 318. We distinguished Torres in National Center for Immigrants' Rights v. INS, 892 F.2d 814 (9th Cir.1990). In National Center, no names were listed in the caption of the notice of appeal; instead the term "defendants" was used in the body of the notice. We upheld appellate jurisdiction over all the defendants, concluding that the term "defendants" fairly indicated to the INS "that all and not just some" of the defendants were appealing the decision below. Id. at 816.
 Here, both notices of appeal state that "each of the plaintiffs in the above-captioned matter hereby appeals to the United States Court of Appeals for the Ninth Circuit...." This language is even stronger than the language used by the National Center defendants. We are satisfied we have appellate jurisdiction over the appeals of all of the plaintiffs.
 B. A "Prevailing Party" Under the EAJA Need Not Obtain Judgment on the Merits
 Interpretation of the EAJA is a question of law reviewable de novo. Andrew v. Bowen, 837 F.2d 875, 877 (9th Cir.1988).
 The district court interpreted the EAJA to require that a party must obtain a judgment on the merits in order to be a "prevailing party." We disagree. See McQuiston v. Marsh, 790 F.2d 798, 800 (9th Cir.1986) (party need not obtain formal relief, but must establish a clear causal relationship between the litigation brought and the practical outcome realized); American Constitutional Party v. Munro, 650 F.2d 184, 188 (9th Cir.1981) (same). The government conceded this point at oral argument.
 We have set out a two-part test for determining prevailing party status when a case has not proceeded to final judgment. Andrew, 837 F.2d at 877-78.
 Under this test, the party seeking to establish the "prevailing party" status must demonstrate that: (1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim.
 Id. at 877.
 The district court stated explicitly that it denied attorney fees because it found that the plaintiffs could not be prevailing parties where "there has been no determination on the merits." The effect of this was that it precluded a finding of prevailing party status no matter what causal connection was otherwise shown. Indeed, in Abutin the district court stated:
 "I believe and feel that the action stimulated the INS to do what they did...." Notwithstanding this observation, the court continued: "but ... the causal connection has not really been established in the papers." What the papers lacked was a showing of a determination on the merits, which the district court erroneously concluded was a necessary prerequisite to a finding of prevailing party status.
 On remand to the district court, the factual question will be whether the plaintiffs have established a causal connection between the relief sought by the lawsuits they filed and the relief they obtained. See Andrew, 837 F.2d at 877. A determination in favor of the plaintiffs on the merits of their lawsuits is not necessary.
 The district court, having concluded that the plaintiffs were not prevailing parties, did not get to the issue whether the government's position was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). If the district court on remand should determine that the plaintiffs were prevailing parties, it should then decide the question of substantial justification.
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Court Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2412 provides in pertinent part:
 (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.