**Esther MARCUS, Michelle W., by her next friend Marie W., Larry Ryne, Consuelo Allen, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**No. 85 C 453.**

United States District Court, N.D. Illinois, E.D.

May 26, 1992.

---

John M. Bouman, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Mary S. Rigdon, Nancy K. Needles, U.S. Attys., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

In this last chapter of a lengthy dispute we deal with plaintiffs' petition for costs and for fees under the Equal Access to Justice Act (EAJA). Plaintiffs clearly are the prevailing parties. They contend that the position of the Secretary was not substantially justified and that they should be awarded fees for all hours expended at rates in excess of the EAJA maximum.

Defendant disputes their right to any fees and, if any fees are awarded, he contends that they should be at the statutory rate.

If this case was a class action against a private party, plaintiffs would be entitled to a considerable award. As a result of this lawsuit thousands of people will, in all probability, recover amounts they would otherwise have been denied. If an award of fees depended upon a finding that defendant's attorneys had unreasonably protracted the proceedings, there would be no award at all. The parties on both sides were represented by counsel who litigated the matter with professional distinction. They were careful, thorough, competent and reasonable. The outcome depends, in large measure, on how we view the concept of the Secretary's position. Here the Secretary established an initial position of denying benefits unless persons such as plaintiffs met the listed medical criteria for impairments, without any evaluation of the severity of their impairments in the context of their functional capacities. When that position was first challenged the Secretary could have taken some comfort from a smattering of decisions upholding his position. The standard for child claimants was upheld in *Powell v. Schweiker*, 688 F.2d 1357 (11th Cir.1982) (with one dissent), and in *Hinckley v. Secretary of Health & Human Services*, 742 F.2d 19 (1st Cir.1984), with the courts relying heavily on the deference to be accorded the Secretary's administration of a complex program. The spousal standard had not been followed in *Paris v. Schweiker*, 674 F.2d 707 (8th Cir. 1982), and was questioned in *Tolany v. Heckler*, 756 F.2d 268 (2d Cir.1985), but without extended analysis, and various district courts had approved the Secretary's procedure.

In *Zebley v. Bowen*, 855 F.2d 67 (3d Cir.1988), however, the Third Circuit, in a class action respecting child claimants, considered the issue at some length and concluded that the Secretary's position was unreasonable, as being contrary to congressional intent. The Supreme Court, in a seven/two decision, agreed. *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). The dissenters rested upon the Secretary's "exceptionally broad authority" and his entitlement to great deference. *Id.* 110 S.Ct. at 897.

The spousal standard also came under sustained fire, and the eight circuits that directly considered the issue rejected the Secretary's position. *Cassas v. Secretary of Health & Human Services*, 893 F.2d 454 (1st Cir.1990); *Kier v. Sullivan*, 888 F.2d 244 (2d Cir.1989); *Finkelstein v. Sullivan*, 924 F.2d 483 (3d Cir.1991); *Bennett v. Sullivan*, 917 F.2d 157 (4th Cir.1990); *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir.1991); *Paris v. Schweiker, supra; Ruff v. Sullivan*, 907 F.2d 915 (9th Cir.1990) (with one dissent); *Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246 (10th Cir.1990). The Secretary's child standard was rejected in *Zebley;* he has now abandoned his spousal standard.

■ Plaintiffs are entitled to fees, absent special factors, unless the Secretary can establish that his position was substantially justified. That means justified in substance or in the main, to a degree that could satisfy a reasonable person, which is similar to having a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). That position includes both the Secretary's underlying prelitigation action and his litigating position. *Cummings v. Sullivan*, 950 F.2d 492 (7th Cir.1991). *Accord: McDonald v. Secretary of Health & Human Services*, 884 F.2d 1468, 1475–76 (1st Cir.1989); *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir.1988); *Russell v. National Mediation Board*, 775 F.2d 1284 (5th Cir. 1985). If we focused solely upon the Secretary's litigation position, or even upon the initial judicial reaction to the Secretary's underlying action, we would doubt the appropriateness of awarding fees.

But here the Secretary has, in a sense, a head start. He has the responsibility for administering the program. He is entitled to considerable deference. His regulations should be overturned only if they are arbitrary, capricious, or manifestly contrary to the statute. *Marcus v. Sullivan, supra*, at 608. That deference may well be an expla-

nation for some earlier judicial decisions that dealt with the issue briefly or only in passing. *E.g., Hundrieser v. Heckler,* 582 F.Supp. 1231, 1237 (N.D.Ill.1984).

■ It is well settled that there is no presumption that a prevailing party will be awarded attorney fees under EAJA. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980), *reprinted in* 1976 U.S.C.A.N. 4989; *Andrew,* supra, 837 F.2d at 878. The Secretary's position may be substantially justified even though his prelitigation position was arbitrary and capricious. Only after subsequent independent review can we make that determination. Having said that, it remains the uncommon occurrence where an agency will avoid paying EAJA attorney fees after a judicial determination that its underlying position was arbitrary and capricious. *See Federal Election Commission v. Rose,* 806 F.2d 1081, 1087–90 (D.C.Cir.1986); *Sierra Club v. Secretary of Army,* 820 F.2d 513, 516–18 (1st Cir.1987). The present case is not one of those occurrences. *See Federal Election Commission v. Rose,* 806 F.2d 1081 (D.C.Cir.1986); *Sierra Club v. Secretary of the Army,* 820 F.2d 513 (1st Cir.1987). We begin here with the premise that the Secretary's regulations would have been upheld if they had reasonably implemented the statute; the courts ultimately concluded with virtual unanimity that they did not and the Secretary abandoned his position. We believe that cumulative litigation history defeats the Secretary's contention that he was substantially justified in adopting initially the restrictive standards now abandoned. Plaintiffs are entitled to fees.

■ The issue then becomes "how much"? The statutory rate is $75 per hour, but EAJA provides that fees in excess of that rate may be justified by "an increase in the costs of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved...." 28 U.S.C. § 2412(d)(2)(A). Plaintiffs claim limited availability and, alternatively, that they are at least entitled to a cost-of-living enhancement based upon the cost-of-living increase for legal services. If there are any fees, defendant contends, they should be increased at most by the general rise in the cost of living, and he contests the number of hours as well.

The Supreme Court has taken a somewhat restrictive view of what justifies an enhancement beyond cost-of-living. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Ninth Circuit has held that a specialized skill in social security litigation, necessary for the case, when other attorneys were unlikely to come forward at the statutory rates, is sufficient justification at least in the context of a complicated class action. *Pirus v. Bowen,* 869 F.2d 536 (9th Cir.1989). *See also Golden Gate Audobon Society, Inc. v. United States Army Corps. of Engineers,* 732 F.Supp. 1014 (N.D.Calif.1989), and *Cervantez v. Sullivan,* 739 F.Supp. 517 (E.D.Calif.1990). The Tenth Circuit takes the position that enhanced fees are not justified if the legal complexities could be mastered by a competent attorney through diligent study. Present expertise is not enough, at least if the case is not a particularly difficult single-plaintiff action. *Chynoweth v. Sullivan,* 920 F.2d 648 (10th Cir.1990).

■ We think that Congress was balancing the desire to hold down costs against the apprehension that in some cases restrictions on fees would prevent a plaintiff from finding representation. This was a complex matter requiring considerable special knowledge and a great deal of study. It is very questionable whether this case could have gone forward if plaintiffs' counsel were not available to provide representation. At the same time we are mindful that counsel was available and, indeed, one of the purposes of the legal assistance program is to provide representation in cases such as this. Congress provided relief from statutory fee caps when special factors make special relief necessary. It also funded a program that provides representation and thus makes special relief unnecessary. The Legal Assistance Foundation of Chicago is entitled to reasonable fees, which have been statutorily determined as $75 plus cost-of-living, but we do not believe that Congress intended, in these

circumstances, payment at an enhanced rate. And we adhere to the view expressed in *Moore v. Sullivan*, No. 90 C 7333, 1991 WL 230861 (N.D.Ill. October 28, 1991), that "any increase in the cost of living" refers to the general C.P.I.

■ We believe, however, that plaintiffs are entitled to fees for all hours at the current indexed rate. True it is that no interest can be recovered from the government absent an express waiver and that "delay damages" are akin to interest. *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). Using current rates in the ordinary course may, therefore, not be permissible. But here the delay was truly exceptional. The case was filed in early 1985. This court's primary opinion was issued almost four years ago. We believe that in those circumstances the delay becomes "a special factor" justifying the use of the current indexed rate. *Perales v. Casillas*, 950 F.2d 1066 (5th Cir.1992). *Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344 (D.C.Cir.1991).

Further, while plaintiffs did not prevail on every claim and contention, we think defendant's efforts to reduce the hours parses the case too finely. An initial claim on behalf of wage-earners fell by the wayside, but it was a minor aspect of the case requiring little time or attention and, indeed, a separate accounting of time devoted to that claim would appear to be impossible. Plaintiffs did not win every battle, but they clearly won the war, and they are entitled to compensation on that basis.

We believe that the actual fee award can be calculated on the basis of the issues herein decided. We ask the parties to submit their figures within fourteen days, hopefully by joint stipulation.