**J.H. McQUISTON, Plaintiff-Appellant,**

**v.**

**John O. MARSH, Jr., Secretary of the Army; U.S. Army Missile Command, Defendants-Appellees.**

**No. 84–6500.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1986.

Decided May 30, 1986.

James McQuiston, Lynn B. Larsen, Wickwire, Gavin & Gibbs, P.C., Salt Lake City, Utah, for plaintiff-appellant.

Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before SNEED and THOMPSON, Circuit Judges, and SOLOMON, District Judge.*

THOMPSON, Circuit Judge:

McQuiston appeals the district court's order denying him attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We affirm.

## I

## BACKGROUND

McQuiston, a manufacturer of defense equipment, sued to enjoin the United States Army from awarding a contract that allegedly violated federal procurement laws. The district court removed the case from its calendar until the General Accounting Office ruled on McQuiston's bid protest. Meanwhile, the Army conducted an internal audit and determined that the item covered by the contract was no longer required. The Army cancelled the contract solicitation and moved to dismiss McQuiston's complaint as moot. The court granted the government's motion, but retained jurisdiction "for the purpose of allowing plaintiff to seek relief, in the future ... as a result of any such new procurement."

McQuiston moved for attorney's fees and costs based on the EAJA and on various other statutes and theories. The district court summarily concluded without making findings of fact that McQuiston was not a prevailing party under EAJA, that the Army's position was substantially justified, and that the motion was untimely. McQuiston appealed. We held that although McQuiston's motion was not timely under 28 U.S.C. § 2412(d), it was timely under 28 U.S.C. § 2412(b), and we remanded the case to the district court to determine whether McQuiston was the prevailing party and whether the government acted in bad faith. *McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir.1983) (*"McQuiston I"*). We rejected McQuiston's other theories of recovery. *Id.* 1085–86.

Following our remand to the district court in *McQuiston I*, the district court held a hearing at which it considered proposed findings of fact and conclusions of law presented by the respective parties. The district court then found that McQuiston was not the prevailing party, that the government had not acted in bad faith, and again denied McQuiston's application for attorney's fees and costs.

## II

## DISCUSSION

A.  *Timeliness of § 2412(d) Application*

In deciding that McQuiston's motion under 28 U.S.C. § 2412(d) was not timely in

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

*McQuiston I*, we noted that the term "final judgment" as it appears in 28 U.S.C. § 2412(d)(1)(B) [1] requires a party seeking an award of attorney's fees to submit an application for fees within thirty days from the date the district court enters judgment. We rejected McQuiston's argument that the thirty-day requirement of subsection (B) means that an application need only be filed within thirty days of the expiration of the time to appeal. *Id.* at 1085.

■ After *McQuiston I* was decided, Congress amended 2412(d)(1) by adding subsection (d)(2)(G). The term "final judgment" was defined as "... a judgment that is final and not appealable ..." *See* Act of August 5, 1985, § 2(c)(2), Pub.L. No. 99–80, 1985 U.S.Code Cong. & Ad.News (99 Stat.) 183, 185 (to be codified at 28 U.S.C. § 2412(d)(2)(G)). This amendment effectively changed the law in this circuit and overruled that portion of *McQuiston I* in which we had defined the term "final judgment" in 28 U.S.C. § 2412(d)(1)(B) as heretofore stated. The 1985 amendment provided that "... amendments made by this Act shall apply to cases pending on ... the date of the enactment of this Act." Section 7(a), 1985 U.S.Code Cong. & Ad.News (99 Stat.) at 186. This case was still pending on the date the Act was enacted, and, as a result, McQuiston's application for fees was thereby rendered timely under 28 U.S.C. § 2412(d).

### B. *Prevailing Party*

1. *Legal Standard and Standard of Review*

EAJA permits an award of fees to the "prevailing party." 28 U.S.C. § 2412(b), (d). The district court found that McQui-

ston was not the prevailing party for purposes of 28 U.S.C. § 2412(b). It accordingly denied McQuiston's motion for attorney's fees and costs.

As we stated in *McQuiston I:*

"Prevailing party" as used in the EAJA is to be interpreted consistently with the law that has been developed defining that term.... A party who prevails on an important matter in the course of litigation, even though not ultimately prevailing on all issues, may be eligible to recover fees.... The party need not obtain formal relief, but must establish a "clear, *causal relationship* between the ligitation brought and the practical outcome realized." [*American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981)] (emphasis in original).... At a minimum, the lawsuit must have been a catalyst that prompted the opposing party to take action....

707 F.2d at 1085 (some citations omitted).

■ The determination whether a party is a "prevailing party" is a factual one. *McQuiston I,* 707 F.2d at 1085. *Accord Citizens Coalition for Block Grant Compliance v. City of Euclid,* 717 F.2d 964, 966–67 (6th Cir.1983). We may not disturb the district court's findings of fact unless they are clearly erroneous. *Anderson v. City of Bessemer,* — U.S. —, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *see Citizens Coalition,* 717 F.2d at 967.

2. *Merits* [2]

In making its findings, the district court found the gravamen of McQuiston's com-

---

1. Section 2412(d)(1)(B) provides in relevant part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection.... The party shall also allege that the position of the United States was not substantially justified.

2. Preliminarily, we note that the proceedings in the district court after our remand in *McQuiston I* took place before Congress amended 28 U.S.C. § 2412(d)(1) to define "final judgment" in the manner specified above. As a result, the district court considered McQuiston's application only under 28 U.S.C. § 2412(b) and not under 28 U.S.C. § 2412(d). However, since it is necessary under both sections that a claimant seeking fees and costs be a prevailing party, the district court's determination that McQuiston was not a

plaint to be that by refusing to correct a disputed relay description for a proposed electronic Network contract, the Army was unfairly denying McQuiston an opportunity to compete for that proposed contract on an equal footing with his competitors. The court also found that after McQuiston filed his complaint the Army determined its need for Networks could be met by alternate means, that there was a lower customer demand for the Networks, that Networks were then considered repairable whereas previously they had been considered nonrepairable, that NATO no longer needed Networks, and that no procurement of Networks was anticipated in the foreseeable future. In addition, the district court also found that the Army had cancelled its request for proposals for the Network contract, not because of McQuiston's lawsuit, but because of these changed circumstances. The district court's findings are supported by the affidavits of John J. Fitzpatrick, a contracting officer for the Request for Proposals Unit of the Army, and Lewis A. Pankey, an Inventory Management Specialist in the United States Army Missile Command. The court specifically found that no causal nexus existed between McQuiston's lawsuit and the action taken by the Army, and that his lawsuit did not prompt the Army to cancel its request for proposals for the Network contract. It also found that the government did not act in bad faith in initiating, implementing, or cancelling its request for proposals, nor did it act in bad faith in the action that led to the lawsuit or in the conduct of the litigation.

McQuiston relies on *Cher v. Forum Int'l. Ltd.*, 692 F.2d 634 (9th Cir.1982), *cert. denied*, 462 U.S. 1120, 103 S.Ct. 3089, 77 L.Ed.2d 1350 (1983) to argue that this court must give the district court's findings "special scrutiny" because, he contends, the district court adopted as its findings the findings proposed by the government's counsel. This argument is not persuasive. McQuiston correctly characterizes *Cher* as

requiring special scrutiny to proposed findings adopted verbatim by the district court. *Id.* at 637; *accord, Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 n. 3 (9th Cir.1984). However, the Supreme Court, while reiterating its criticism of verbatim adoption of proposed findings, disapproved departure from the clearly erroneous standard of review mandated by Fed.R.Civ.P. 52(a). *Anderson*, 105 S.Ct. at 1510–11. In *Clady v. County of Los Angeles*, 770 F.2d 1421 (9th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 1516, 89 L.Ed.2d —— (1986), we recognized *Anderson* and declined to scrutinize closely an order in which the district court had allegedly adopted, as its own, 171 of the 178 subparts of the prevailing party's proposed findings. We noted that the district court did not uncritically accept the proposed findings. *Id.* at 1427. The same is true in this case. Out of fifteen findings submitted by the Army, the district court modified three and added six. It is clear from the record that the district court did not uncritically accept findings proposed by the Army.

██ The district court did not clearly err by finding that McQuiston was not a prevailing party. In reviewing the findings and the evidence before the district court on which those findings were based, we are not "left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 284–85 n. 14, 102 S.Ct. 1781, 1788 n. 14, 72 L.Ed.2d 66 (1982), *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

## III

### CONCLUSION

Because the district court did not clearly err by finding that McQuiston was not a prevailing party under either subsection (b)

prevailing party under § 2412(b) is determinative of his status as a non-prevailing party under

§ 2412(d).

or (d) of 28 U.S.C. § 2412, he is not entitled to attorney's fees or costs.

AFFIRMED.