NORTHWEST ENVIRONMENTAL DEFENSE CENTER, East Portland District Coalition, Inc., and Friends of the Earth, Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, Charles E. Cowan, and Michael W. Stone, Defendants.

Civ. No. 91–476–JE.

United States District Court, D. Oregon.

Nov. 2, 1992.

Susan L. Smith, Donald H. Turner, Salem, Or., for plaintiffs Northwest Environmental and Friends of The Earth.

Richard Forester, Portland, Or., for East Portland Dist. Coalition, Inc.

Barbara Dean Craig, Stoel, Rives, Boley, Jones & Grey, Kathryn Imperati, City Attorney's Office, Portland, Or., for intervenor City of Portland.

Steven R. Schell, Black Helterline, Portland, Or., for intervenor Columbia Corridor Assn.

Charles H. Turner, U.S. Atty., Thomas C. Lee, Asst. U.S. Atty., Portland, Or., Christopher S. Vaden, Steve O'Dell, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

REDDEN, Chief Judge:

Magistrate Judge Jelderks filed his Findings and Recommendation on October 8, 1992. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1206 (8th Cir.1983); *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo*, I find no error.

Accordingly, I ADOPT Magistrate Judge Jelderks' Findings and Recommendation (doc. # 102) that plaintiffs' motion for prevailing party attorney fees, expenses, and costs under the EAJA (doc. # 89) be denied.

IT SO ORDERED.

## FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge:

Plaintiffs, Northwest Environmental Defense Center, Inc. (NEDC), East Portland District Coalition, Inc., and Friends of the Earth, filed this action against the United States Army Corps of Engineers (the Corps), Charles Cowan, the Corps' district engineer, and Michael Stone, Secretary of the United States Army, to challenge the Corps' issuance of a dredge and fill permit. On June 9, 1992, I issued my Findings and Recommendation that the case should be dismissed on grounds of mootness and ripeness. The order adopting that recommen-

**894**

dation was entered on July 17, 1992, and the case was dismissed on July 24, 1992.

Plaintiffs move to recover prevailing party attorney fees, expenses, and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) and § 2412(a). I recommend denying the motion.

## BACKGROUND

In early February, 1991, the Corps issued a general regional permit to the City of Portland, Oregon (Portland), authorizing the filling of certain wetland sites within the Columbia South Shore Urban Renewal District (CSS). The regional permit was based on coordination between state, local, and federal agencies, and involved close cooperation between the Corps and Portland, which was developing a Natural Resources Management Plan (NRMP) for the Columbia South Shore at that time. Under the terms of the regional permit, Portland was to monitor activities undertaken under authority of the permit, and the Corps was to verify that proposed placement of fill complied with the permit's requirements. The NRMP specified wetland sites that could be filled under the permit, as well as other wetlands to be enhanced or created under the permit's mitigation requirements.

In late May, 1991, plaintiffs brought this action challenging the Corps' issuance of the regional permit. Plaintiffs' amended complaint included eight claims asserting violations of various environmental and administrative statutes and regulations.

In a letter dated March 5, 1992, Portland requested that the Corps withdraw the regional permit issued for development of the CCS. In that letter, Portland asserted that the NRMP was "the most effective means to provide area-wide comprehensive planning for resource protection and development in the South Shore." The City noted that "the remand of the NRMP by the State Land Use Board" and "the expected delay resulting from the legal challenge to the Permit itself" in this action left it few options but to request withdrawal of the permit. Portland added that it considered the "vast majority" of the legal challenges

to the permit defensible. In a letter dated March 16, 1992, the Corps informed Portland that the permit was "withdrawn and rescinded," and that further development in the CSS would be evaluated according to individual permit applications.

Defendants moved to dismiss, contending that the withdrawal and rescission of the regional permit rendered plaintiffs' complaint moot, and that plaintiffs' challenge to the Corps' interpretation of its authority was not ripe for judicial review. On June 9, 1992, I issued my Findings and Recommendation that the case should be dismissed on grounds of mootness and ripeness. That recommendation was adopted and, on July 24, 1992, a judgment of dismissal was entered. Plaintiffs then filed their motion for attorney fees and other expenses under the EAJA.

## STANDARD

■ A prevailing party may recover attorney fees and other expenses under the EAJA if the government's position in the litigation was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if it is reasonable in both fact and law. *Edwards v. Heckler*, 789 F.2d 659, 665 (9th Cir.1985).

■ In a case resolved before a final judgment is reached, the determination as to whether a party has prevailed depends on two factors:

the party seeking to establish "prevailing party" status must demonstrate that: (1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim.

*Andrew v. Bowen*, 837 F.2d 875, 877 (9th Cir.1988). The first factor requires the court to identify the objectives of the lawsuit and the relief actually obtained. "It must then determine whether there exists a 'clear causal relationship between the litigation brought and the practical outcome realized.'" *Id.* (quoting *McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir.1986).

The court's task in applying the second factor is limited to a determination of whether the claims advanced are "frivolous, unreasonable, or groundless, or [whether] the plaintiff continued to litigate after [they] became so." *Id.* at 878 (quoting *Ortiz de Arroyo v. Barcelo*, 765 F.2d 275, 282 (1st Cir.1985)).

## DISCUSSION

### I. *Plaintiffs did not prevail against the Corps.*

To qualify as prevailing parties under the EAJA, plaintiffs must demonstrate that they obtained the relief they were seeking as a result of bringing their lawsuit, and that there was a legal basis for their claims. *Andrew*, 837 F.2d at 877. I am satisfied that, with the withdrawal of the regional permit by the Corps in March 1992, plaintiffs obtained a significant portion of the relief they desired in this action. In addition, I do not question that plaintiffs' claims were reasonable and asserted in good faith. Therefore, I have confined my examination to the causal relationship, if any, between plaintiffs' lawsuit and the Corps' withdrawal of the permit.

Plaintiffs contend that the necessary causal connection between the lawsuit and the withdrawal of the permit is demonstrated by the fact that Portland, in requesting that the permit be withdrawn, made specific reference to the pendency of plaintiffs' legal challenge.[1] I reject that argument. To justify an award of attorney fees against the United States, it is not enough that plaintiffs' lawsuit trigger a desired response from a third party. Instead, plaintiffs must demonstrate that their lawsuit was "a catalyst that prompted the opposing party to take action...." *McQuiston*, 790 F.2d at 800 (citations omitted). The Corps, not Portland, is the opposing party from whom plaintiffs seek fees. Based on the evidence before me, I am unable to conclude that the Corps' decision to withdraw the permit was a clear or direct result of the present litigation.

The evidence establishes that the Corps' decision to withdraw the permit was not prompted by any action on the part of plaintiffs, but by Portland's written request that it be rescinded. Defendants rely on the affidavit of Walker Burton Paynter, III, Chief of the Corps' Regulatory and Environmental Resource Branch, who states that it is the Corps' customary practice to rescind a permit when requested to do so by the permittee. Defendants maintain that, absent such a request by Portland, they were prepared to let the permit stand and to mount a vigorous defense to plaintiffs' claims in this case. Plaintiffs do not dispute the contents of the Paynter affidavit, nor do they argue that the Corps' stated reason for withdrawing the permit was pretextual. I therefore accept the Corps' explanation concerning the withdrawal of the permit. I conclude that, although plaintiffs could perhaps be regarded as having prevailed against Portland, an intervenor in this action, they have not prevailed against the Corps.

The cases relied on by defendants support my determination that an EAJA fee award is not appropriate in this action. For example, in *McQuiston*, the plaintiff brought suit to prevent the United States Army from awarding a contract in violation of federal procurement laws. After the action was filed, the Army conducted an audit and determined that the item covered by the contract was no longer necessary. The Army canceled the contract solicitation and, thereafter, moved successfully to dismiss the plaintiff's complaint as moot. The plaintiff moved for an award of fees under the EAJA, but the trial court found that "no causal nexus existed between McQuiston's lawsuit and the action taken by the Army, and that his lawsuit did not prompt the Army to cancel its ... contract." *McQuiston*, 790 F.2d at 801. On review, the Ninth Circuit affirmed the trial court's ruling that the plaintiff was not a prevailing party.

In *Idaho Conservation League, Inc. v. Russell*, 946 F.2d 717 (9th Cir.1991), the

1. I observe that Portland's March 5, 1992 letter to the Corps cited the remand of the NRMP by the State Land Use Board of Appeals as an additional reason for withdrawal of the permit.

Ninth Circuit overturned an award of prevailing party attorney fees under section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), a federal fee-shifting provision similar to the one at issue here. In that case, the plaintiffs brought suit alleging that the EPA had violated federal statutes by failing to enact water quality regulations for the State of Idaho. The State of Idaho intervened. While the action was pending, the parties reached a settlement which required Idaho to adopt specified water quality standards. The EPA was not a party to the settlement. The district court granted the plaintiffs' request for attorney fees and costs against the EPA, but the Ninth Circuit reversed, stating:

Plaintiffs' suit *was* a catalyst; it *did* prompt an opposing party to take action. The State of Idaho acted to promulgate water quality standards in response to plaintiffs' suit. The party from which plaintiffs seek their fees and costs, however, was never prompted into action. In fact, throughout the course of the litigation and settlement proceedings, the EPA apparently persisted in the same lack of action that prompted plaintiffs to sue in the first place.

*Id.* at 721 (emphasis in original). The court therefore concluded that the plaintiffs did not prevail against the EPA.

These authorities compel the conclusion that plaintiffs are not prevailing parties for purposes of an EAJA fee award. Like the plaintiff in *McQuiston* who benefitted from an Army procurement decision unrelated to his complaint, plaintiffs can present no evidence to establish that the Corps rescinded the regional permit in response to their legal challenge. Like their counterparts in *Idaho Conservation League*, plaintiffs' legal challenge to the permit triggered a response by a non-federal intervenor (i.e., Portland), but plaintiffs did not prevail against the federal defendant from which fees are being sought. Therefore, plaintiffs have not established an entitlement to fees and other expenses under the EAJA.

One additional argument requires comment. At the hearing on their motion for fees, plaintiffs relied heavily on the fact that the Corps and Portland were to be partners in the administration of the regional permit. As a result of that partnership, plaintiffs contend, Portland and the Corps cannot be regarded as independent parties. Accordingly, the rationale of *McQuiston* should not apply, and a finding that plaintiffs have prevailed against Portland should suffice to justify a fee award against the Corps.

I reject plaintiffs' argument. Although Portland and the Corps contemplated a "resource management planning partnership," there is no evidence that Portland's decision to seek withdrawal of the permit was the product of that partnership, or even that it fell within the scope of that partnership. Absent specific evidence of shared decisionmaking, or some other evidence that an actual partnership existed, there is no justification for holding the Corps responsible for Portland's decision under a partnership theory. Therefore, I will not depart from my conclusion that plaintiffs have not prevailed against the Corps.

## II. *The government's position was substantially justified.*

Plaintiffs have also failed to demonstrate that defendants' position was not substantially justified. In applying this standard, I need not decide the case on the merits, nor must I find that defendants would have prevailed had the case proceeded to trial. *Pierce v. Underwood,* 487 U.S. 552, 569, 108 S.Ct. 2541, 2552, 101 L.Ed.2d 490 (1988). Instead, my task is limited to determining whether the position adopted by defendants in this litigation was reasonable. I conclude that it was.

Defendants received a favorable ruling on both their motion to dismiss and their "Motion to Establish Scope of Discovery and Scope of Review." Defendants success on those motions, which I regard as the two most significant matters decided during the course of this action, indicates that their position on many contested issues was justified. In addition, in their respective briefs addressing plaintiffs' request for fees, the parties agree that this action was comprised of four "core" issues:

(1) Whether the Corps had authority to issue a regional permit for an area smaller than a state; (2) whether the Corps' issuance of the permit without a hearing violated the Clean Water Act and other statutes; (3) whether the Corps acted unreasonably by failing to prepare an environmental impact statement; and (4) whether the Corps violated the National Environmental Policy Act by issuing the permit before completing an environmental assessment. Regardless of who would ultimately prevail, I am satisfied that the arguments advanced by defendants were based on a reasonable interpretation of the applicable statutes, regulations, and cases. Accordingly, I find that defendants' position in this case was substantially justified.

I am unswayed by plaintiffs' argument that attorney fees must be awarded unless the government can offer substantial justification for each and every position it took during both the litigation and the underlying administrative action. A court applying such a standard would be burdened with an examination of virtually every disputed issue between the litigants, whether significant or trivial, dispositive or wholly peripheral. The Ninth Circuit has held that a finding of substantial justification must be based on the "totality of the circumstances" surrounding the litigation. *Oregon Envt'l. Council v. Kunzman,* 817 F.2d 484, 498 (9th Cir.1987) (citation omitted). Therefore, "a brief lapse from the standards of reasonableness," without more, will not warrant an award of fees against the government. *League of Women Voters v. FCC,* 798 F.2d 1255, 1260 (9th Cir.1986). Because defendants' arguments concerning the major substantive and procedural issues in this case were reasonable under the facts and the law, my finding that their position in the litigation was substantially justified is consistent with the law of this circuit.

## CONCLUSION

Based on the record, I recommend that plaintiffs' motion for prevailing party attorney fees, expenses, and costs under the EAJA be denied.