**Michael K. CLARK, Plaintiff-Appellee,**

**Marla D. Beasley, Intervenor-Appellee,**

v.

**MOBIL OIL CORPORATION, Defendant-Appellant.**

No. 82–2206
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1982.

Louis H. Beard, Mark Freeman, Beaumont, Tex., for defendant-appellant.

Jon B. Burneister, Port Arthur, Tex., for Clark and Beasley.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Plaintiff Michael Clark and intervenor Marla Beasley sought damages in this diversity suit [1] against defendant Mobil Oil Corporation for personal injuries sustained in a boating accident. The case was tried before a magistrate, who awarded Clark

---

1. The case was tried as a diversity case before the decision of the Supreme Court in *Foremost Insurance Company v. Richardson*, —— U.S. ——, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982). There is no suggestion that any difference between the laws of the state of Texas and general principles of admiralty are relevant. We review the case as tried.

and Beasley $33,333.33 apiece after finding that Mobil had negligently operated a tugboat. Mobil now appeals from the district court's denial of its motion for a new trial. Because we cannot conclude that the magistrate's findings were clearly erroneous, we affirm.

On May 25, 1977, Clark and Beasley were passengers on a seventeen foot motorboat driven by Clark's brother, Robert. Travelling upstream on the Neches River, Robert noticed the approach of Mobil's 150 foot boat, which was pushing three barges. After passing starboard to starboard, the motorboat encountered a large wake generated by the tugboat. The passengers were thrown about in the boat and Clark and Beasley were injured.

After a two day trial, the magistrate concluded that Mobil was negligent in failing to reduce its speed and to warn the motorboat of its eight foot wake. He also found that Robert Clark's failure to reduce his speed and to pass on the tug's port side constituted negligence.[2] He refused to find, however, that Clark and Beasley were contributorily negligent. In assessing damages, the magistrate found that Clark had sustained serious back injuries causing a ten to fifteen percent permanent disability and that Beasley had sustained hip and back injuries requiring her to change her occupation from a physical therapist to a salesperson. The magistrate thus awarded Clark and Beasley $33,333.33 apiece, requiring Mobil to pay seventy-five percent and Robert Clark to pay twenty-five percent. The district court affirmed these conclusions in denying Mobil's motion for a new trial.

On appeal, Mobil contends that the evidence clearly proved that Robert Clark was the only negligent party and that Michael Clark and Marla Beasley were contributorily negligent. It also argues that neither Clark nor Beasley sustained disabling injuries as a result of the accident and that the damage award was clearly erroneous. Mobil urges us to review these findings in light of the magistrate's verbatim adoption of proposed findings of fact and conclusions of law submitted by counsel for Clark and Beasley.

Initially, we must determine the standard of review applicable to the magistrate's findings of liability and damages. This circuit has held that negligence is a question of fact that can be set aside only if it is clearly erroneous under Fed.R.Civ.P. 52(a). *Sebree v. United States,* 567 F.2d 292, 293–94 (5th Cir.1978); *Lanasse v. Traveller's Insurance Co.,* 450 F.2d 580, 583 (5th Cir.1971). Likewise, the trial court's finding of injury and award of damages are subject to the clearly erroneous standard. *Welch v. University of Texas and its Marine Science Institute,* 659 F.2d 531, 535 (5th Cir.1981). Although the magistrate did adopt verbatim the proposed findings of fact submitted by counsel for Clark and Beasley, "[t]his circumstance alone does not strip the findings of the protection of the clearly erroneous rule." *United States v. El Paso Co.,* 682 F.2d 530, 540 n. 11 (5th Cir. 1982). *See also Odeco, Inc. v. Avondale Shipyards, Inc.,* 663 F.2d 650, 652–53 (5th Cir.1981); *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530, 543 (5th Cir.1978). Our review of the record reflects that the magistrate understood the case and adequately performed the decision reaching process.[3] *See Odeco,* 663 F.2d at 653. Moreover, the record indicates that his findings rested in part on his assessment of the witnesses' credibility. *See El Paso,* 682 F.2d at 540 n. 11. Accordingly, we must give the magistrate's findings the deferential review that Rule 52(a) mandates.

A finding of fact is clearly erroneous "when although there is evidence to support

---

2. Mobil had filed a third-party complaint against Robert Clark, who does not now appeal from the magistrate's finding of liability.

3. Mobil points to two mistakes in the magistrate's finding of facts as evidence that he abdicated his role as a factfinder: he inaccurately described the boat as an Evinrude, and he stated that Beasley was a physical therapist rather than a student at the time of her injury. These minor errors cannot strip the findings of their Rule 52(a) protection. Our examination of the record reveals that the magistrate played an active part in sharpening the issues in the case.

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *Scott v. Moore,* 680 F.2d 979, 1000 (5th Cir.1982) (en banc). On the basis of the record, we are unable to conclude that the magistrate's findings on liability were clearly erroneous. Although the tugboat's pilot testified that his speed at the time of the incident was six miles per hour and that he was generating a one and one half foot wake, the motorboat's passengers testified that the tugboat was travelling much faster and that its wake was as high as eight feet.[4] Moreover, Captain R.J. Underhill, a marine surveyor consultant called by Clark and Beasley, testified that because a tugboat as large as Mobil's can produce a very large wake, it has an obligation to slow down or to signal approaching vessels. Underhill also stated that Robert Clark responded adequately to the situation and that Michael Clark was not prohibited from sitting on the floor of the boat. The magistrate obviously credited the testimony of witnesses for Clark and Beasley, and "we will not lightly disturb such a credibility call." *Pluyer v. Mitsui O.S.K. Lines, Ltd.,* 664 F.2d 1243, 1245 (5th Cir.1982).

■ We also are unpersuaded that the magistrate's findings of injury and award of damages are clearly erroneous. Although a doctor called by Mobil testified that his examination of Clark revealed no permanent disabilities, two other doctors stated in their depositions that Clark was suffering from a bulging disk in his back. Clark testified that his back problems discouraged him from attending medical school and made it difficult for him to sit or stand while working at his current job as a graphic artist. Similarly, one doctor who examined Beasley diagnosed a permanent disability to her back and hip and stated

that she should avoid doing the heavy work of a physical therapist. Beasley testified that her injury forced her to leave physical therapy and become a salesperson. The magistrate again credited this testimony over that of another doctor, who found no evidence of a permanent disability.

In reviewing the trial transcript, we are mindful that "[p]roper functioning of the appellate courts does not permit a retrial or a redetermination of factual issues. We are not to substitute our judgment for that of the finder of facts, nor are we to disturb those findings unless convinced beyond peradventure that error exists." *Odeco,* 663 F.2d at 654. Because we cannot find that the magistrate's findings of negligence and damages were clearly erroneous, the district court's denial of Mobil's motion for a new trial is AFFIRMED.

---

4. The testimony of an expert witness called by Clark and Beasley presented some question whether any tugboat is capable of producing an eight foot wake. Indeed, the proposed findings of fact submitted by Clark and Beasley allege that the wake was approximately five feet high.

Although the magistrate may have erred in finding the wake to be "approximately eight feet," the totality of the evidence indicates that this finding alone does not mandate reversal. *See* Fed.R.Civ.P. 61 (harmless error).