**Arnie Rolf BRAAFLADT,**
**Plaintiff-Appellant,**

v.

**The BOARD OF GOVERNORS OF the**
**OREGON STATE BAR ASSOCIA-**
**TION, et al., Defendants-Appellees.**

**No. 85–3648.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1985.

Decided Dec. 26, 1985.

Arnie Rolf Braafladt, John Cummings, Eureka, Cal., Brian MacRitchie, Bend, Or., Robert M. Lusk, Portland, Or., for plaintiff-appellant.

Jeff Bennett, Asst. Atty. Gen., Salem, Or., for defendants-appellees.

Before ANDERSON and FARRIS, Circuit Judges, and STEPHENS,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Oregon attorney Arnie Braafladt sued the Oregon Supreme Court in an attempt to void certain residency requirements of the Oregon Bar. The Oregon Supreme Court rescinded the challenged rule before final adjudication on the merits. After dismissing the 42 U.S.C. § 1983 action, the district court denied Braafladt's application for attorney's fees. The district court found Braafladt did not qualify as a prevailing party under 42 U.S.C. § 1988. Braafladt appeals to this court and we affirm the district court's decision.

## I. BACKGROUND

Braafladt, a member of the Oregon, Washington, and California Bars, challenged the constitutionality of an Oregon residency requirement. Oregon State Bar Association Rule 8.05 (hereinafter referred to as Rule 8.05). Rule 8.05 required non-resident bar members to appear in association with resident members when practicing before the Oregon courts.

Braafladt initially attempted to intervene in *Halkides v. Oregon State Board of Examiners,* Civ. No. 82–937 (D.Ore.1983), a case involving constitutional challenges to Oregon's rules requiring residency before admission to the Bar. On November 15, 1982, the *Halkides* court denied Braafladt's request for intervention, citing reasons of unfair prejudice to the parties and inadequate similarity of issues. The *Halkides* plaintiffs subsequently prevailed on a summary judgment motion on March 15, 1983.

On January 5, 1983, Braafladt filed his § 1983 action against the Oregon Supreme Court (Oregon court). The action ran its procedural course with exchanges of interrogatories, answers and summary judgment motions. During these proceedings, the Oregon court received a petition from the *Halkides* plaintiffs on June 3, 1983. The request questioned the applicability of Rule 8.05 to members of the Bar who had never been Oregon residents. The Oregon court decided on August 12, 1983 that Rule 8.05 would not be enforced against members in a position similar to the *Halkides* plaintiffs.

On August 23, 1983, an unofficial inquiry made by the Oregon court's counsel to Braafladt discussed the possibility of a waiver of attorney's fees. Even though an agreement was not reached, the Oregon court rescinded Rule 8.05 on August 31, 1983. This action effectively mooted Braafladt's claim. The Oregon court filed an uncontested motion to dismiss on September 14, 1983. The district court granted the motion November 8, 1983. Braafladt filed an application for attorney's fees December 5, 1983. The district court found that Braafladt was not a prevailing party under § 1988 and denied the application on February 11, 1984.

## II. DISCUSSION

This circuit recognizes that the history of § 1988 indicates that a plaintiff need not

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

obtain formal relief in order to recover fees. *American Constitutional Party v. Munro*, 650 F.2d 184, 187 (9th Cir.1980); *South West Marine, Inc. v. Campbell Industries*, 732 F.2d 744, 746 (9th Cir.1982). The plaintiff must show a causal connection between the lawsuit and the practical outcome. *South West Marine*, 732 F.2d at 746. The lawsuit must be a catalyst motivating the defendant to provide the relief sought. *Beach v. Smith*, 743 F.2d 1303, 1306 (9th Cir.1984). Whether the litigant has shown the requisite causal relationship is a factual question for the district court. *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir.1983). We review a district court's findings of fact under the clearly erroneous standard. *Operating Engineers Pension Trust v. Charles Minor Equipment Rental, Inc.*, 766 F.2d 1301, 1303 (9th Cir.1985).

Braafladt bases his claim of prevailing party solely upon the sequence of events. His action was the only lawsuit currently filed that challenged Rule 8.05. Braafladt contends that his action must have been a material factor calculated into the Oregon court's decision to rescind Rule 8.05.

We apply, as do other circuits, the rule that chronological events are important, although not a definitive factor, in determining whether or not a defendant can be reasonably inferred to have guided his actions in response to a plaintiff's lawsuit. *Munro*, 650 F.2d at 188; *Nadeau v. Helgmore*, 581 F.2d 275, 281 (1st Cir.1978); *Iranian Students Association v. Sawyer*, 639 F.2d 1160, 1163 (5th Cir.1981). The district courts consider additional factors in determining if a causal relationship existed. *Munro*, 650 F.2d at 188. Here, the district court correctly included surrounding circumstances in its evaluation of any existing causal connection.

The constitutionality of Rule 8.05 was not a unique question for the Oregon court. Although the request was denied, the Oregon Bar Association had previously petitioned the Oregon court to rescind Rule 8.05. The *Halkides* case questioned the constitutionality of residency requirements in connection with admission rules, indirectly bringing the entire residency concept under scrutiny before Braafladt's suit. The *Halkides* plaintiffs then petitioned for a determination of the applicability of Rule 8.05 to them, thus presenting the Oregon court with a direct avenue to resolve the Rule 8.05 controversy. Braafladt contends, on the other hand, that his lawsuit, and not the *Halkides* petition, prompted the Oregon court to act. The threat of litigation or even litigation itself is insufficient to establish a causal relationship for a § 1988 award. *Munro*, 650 F.2d at 188 (quoting *Iranian Students Ass'n*, 639 F.2d at 1163).

The district court was presented with the difficult task of choosing between two interpretations of the same sequence of events. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, — U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518, 528 (1985). In light of the record, the Oregon court's account of the events is plausible. Accordingly, the district court's decision to deny attorney fees is

AFFIRMED.