Teri Beth **GRINSTED, By and Through her father Terry GRINSTED and her mother Cheryl Grinsted as next friends, Plaintiffs,**

v.

## HOUSTON COUNTY SCHOOL DISTRICT, et al., Defendants.

Civ. A. No. 89–293–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

July 14, 1993.

Jonathan Zimring, Atlanta, GA, for plaintiff.

Sam S. Harben, Jr., Gainesville, GA, Richard Scott Thompson, Vidalia, GA, for defendants.

Randall S. Acree, Valdosta, GA, for Valdosta City School Dist.

## ORDER

OWENS, Chief Judge.

· Before the court is plaintiffs' motion for attorneys fees. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Teri Beth Grinsted is a mentally retarded child who requires special educational services. Teri Beth currently resides at the Parkwood . Developmental Center and receives special education at the Templeton School. Both facilities are located in Valdosta, Georgia.

Teri Beth's custodial parent, Cheryl Grinsted, resides in Houston County, Georgia. In the early 1980's, Ms. Grinsted attempted to find residential placement for Teri Beth because of her uncontrollable seizures. Because Houston County did not have any residential care facilities, Ms. Grinsted placed Teri Beth in the Parkwood Developmental Center, a facility licensed and funded by the State of Georgia to deliver intermediate care for the mentally retarded.

Teri Beth receives special education at the Templeton School, a private day school organized specifically for the purpose of providing education for Parkwood residents. The Templeton School was initially funded by the Georgia Department of Education ("DOE"). In 1984, DOE decided it would no longer pay in full for students who were not wards of the State. Thereafter, the financial responsibility for Parkwood children became a shared one between the State and the children's local educational agencies. Houston County, as Teri Beth's local educational agency, consented at the time to pay for Teri Beth's special educational needs at the Templeton School.

In 1988, Houston County reassessed Teri Beth and determined that it could provide the appropriate educational services to Teri Beth in Houston County. Teri Beth's parents were faced with a dilemma of either terminating Teri Beth's residential placement at Parkwood or Teri Beth's free and appropriate education at Templeton, or terminating their parental rights. Teri Beth's parents rejected Houston County's proposed individualized education plan ("IEP"), and instead requested that Houston County coor-

dinate with the City of Valdosta and the State to allow Teri Beth's continued placement at Parkwood and guarantee her right to a free and appropriate education.

Instead, Houston County initiated a due process hearing against Teri Beth's parents and joined the State of Georgia and the City of Valdosta as third party defendants. Houston County sought a determination that its IEP was appropriate and that it had satisfied its duty under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* (previously referred to as the Education of the Handicapped Act). In the alternative, Houston County sought a determination that the obligation for Teri Beth's free and appropriate education should be placed upon either the State or the City of Valdosta.

On December 31, 1990, the regional hearing officer issued an order finding, among other things, that Teri Beth had a right to education where she resided and placed the obligation to pay for Teri Beth's education upon the City of Valdosta. Teri Beth's parents and the City of Valdosta appealed.

While the appeal was pending, the 1991 Georgia General Assembly enacted legislation that resolved Teri Beth's dilemma. Under O.C.G.A. § 20–2–133(b)(5), the State is obligated to pay for the total educational services of Parkwood residents and the City of Valdosta is obligated to design the IEPs of Parkwood residents. Thereafter, the State Hearing Officer issued an order finding that the issues raised on appeal were moot.

Plaintiff has now filed for attorney's fees, contending she is a prevailing party against Houston County, the City of Valdosta, and the State of Georgia.

### DISCUSSION

1. *Prevailing Party Status*

The IDEA was enacted to provide a free appropriate education for all handicapped children. 20 U.S.C. § 1400(c). The IDEA requires the state and the local educational agency receiving federal funds to provide handicapped children with a free and appropriate education. *Honig v. Doe,* 484 U.S. 305, 310, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988); 20 U.S.C. § 1414(a); § 1414(d) (if local educational agency is unable or unwilling to provide free and appropriate education, the State shall provide free and appropriate education). In return for federal monies, the IDEA requires states to establish procedural safeguards for the general welfare of handicapped children.

■ Congress amended the IDEA in 1986 to permit the recovery of attorney's fees. Under 20 U.S.C. § 1415(e)(4)(B), a district court may award reasonable attorney's fees as part of the costs to the parents of a handicapped child who is the prevailing party in an action under the IDEA. A plaintiff is a "prevailing party" for purposes of attorney's fees when she secures some relief on the merits of her claim at the administrative level or through an enforceable judgment, a consent decree, or settlement. *Farrar v. Hobby,* 506 U.S. ——, ——, 113 S.Ct. 566, 572–73, 121 L.Ed.2d 494, 503 (1992). *Id.* The focus of the inquiry is whether the relief obtained by the plaintiff "materially alters the legal relationship of the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (citing *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

■ The Eleventh Circuit generally uses a catalyst test to determine if a party has obtained prevailing party status when there is no judicial relief. *Fields v. City of Tarpon Springs,* 721 F.2d 318, 321 (11th Cir.1983). The catalyst test requires a showing that the litigation was a catalyst in causing the defendant to take some remedial action. *Id.* at 321. "The threat of litigation or even litigation itself is insufficient to establish a causal relationship. . . ." *Royal Crown Cola Co. v. Coca–Cola Co.,* 887 F.2d 1480, 1486 (11th Cir.1989), *cert. denied,* 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990) (quoting *Braafladt v. Board of Governors,* 778 F.2d 1442, 1444 (9th Cir.1985)). The plaintiff must present "ample evidence" showing that its litigation in fact played a substantial role in the defendant's remedial action. *Id.* at 1486.

#### a. State of Georgia

■ Under the IDEA, the state is ultimately responsible for the free and appropriate education of its handicapped children. 20 U.S.C. § 1414(a), (d); see also Muth v. Central Bucks Sch. Dist., 839 F.2d 113, 129 (3d Cir.1988), rev'd on other grounds, 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989). The State of Georgia was aware that Houston County and the City of Valdosta were refusing to provide Teri Beth with a free and appropriate education following her decision to remain at Parkwood. The legislature, in recognition of its responsibility under the IDEA, enacted legislation to ensure that Teri Beth got a free and appropriate education.

The court finds that ample evidence of a causal connection exists between Teri Beth's lawsuit and the Georgia legislative enactment. First, the timing of the two events coincides. Second, the legislation focuses on a small group of identifiable handicapped children at Parkwood, one of whom is plaintiff. Finally, plaintiff's own counsel helped draft the legislation and made it clear to the bill's sponsor that Teri Beth's lawsuit was pending. The sponsor herself acknowledges that Teri Beth's lawsuit prompted her to introduce the bill. (Mary Margaret Oliver Affidavit). Moreover, the court observes that there is no evidence of any independent impetus for amending O.C.G.A. § 20–2–133.

As a result of Teri Beth's lawsuit and, in turn, the legislative enactment which obligates the State of Georgia and the City of Valdosta, Teri Beth can continue to receive residential treatment at Parkwood and be guaranteed a free and appropriate education. Consequently, the court concludes that plaintiff is a prevailing party under the IDEA because she is guaranteed a free and appropriate education and has materially altered the State of Georgia's policy toward Parkwood students.

#### b. City of Valdosta

■ The court similarly concludes that plaintiff is a prevailing party under the IDEA as against the City of Valdosta. However, plaintiff's degree of success against the City of Valdosta was not very great. Under the legislation, the administrative obligation for Teri Beth is placed upon the City of Valdosta while the financial obligation is placed upon the State. While plaintiff materially altered the City of Valdosta's responsibility through her lawsuit and through the legislative enactment, this degree of success does not compare to her success against the State of Georgia. Therefore, the court will apportion plaintiff's hours to reflect her minimal success against Valdosta in relation to her success against the State.

#### c. Houston County School District

■ Under the test enunciated in Garland and Farrar, Teri Beth has not prevailed against Houston County because she has not materially altered Houston County's behavior in a manner that directly benefits her. The 1991 legislation places the obligation for Teri Beth's educational services upon the City of Valdosta and the State of Georgia, and not upon Houston County. Accord Cook County Sch. Dist. v. Karen M. and Terry M., et al., No. 91–8777, at 2 (11th Cir. July 31, 1992) [971 F.2d 757 (table) ]. Accordingly, the court concludes that Teri Beth is not a prevailing party under the IDEA against Houston County.

#### 2. Attorney Fees

■ The State of Georgia and the City of Valdosta have not objected to the number of hours expended by Jonathan Zimring, plaintiff's counsel, or his hourly rate. The court has reviewed Mr. Zimring's petition and finds that the number of hours Mr. Zimring expended, 258.1, were reasonable. The court further finds that the hourly rate Mr. Zimring seeks, $150.00 an hour, is in line with the prevailing market rate of attorneys with Mr. Zimring's skill, experience, and reputation. Finally, the court finds reasonable the hours expended by Mr. Zimring's paralegal, 10.4, and her hourly rate, $50.00 an hour. The lodestar, then, is $150.00 an hour × 258.1 = $38,715.00 plus $50.00 an hour × 10.4 = $520.00, or $39,235.00. However, Mr. Zimring has requested that his award be reduced by five percent, or $1,961.75, to assure reasonableness. Accordingly, the court will award Mr. Zimring $37,273.25.

■ The Eleventh Circuit has approved the apportionment of attorney's fees in appropriate cases involving more than one defendant. *Council for Periodical Distributors Ass'n v. Evans,* 827 F.2d 1483, 1487–88 (11th Cir.1987). In this case, because plaintiff's degree of success was so much greater against the State of Georgia than the City of Valdosta, apportionment of fees would be appropriate. The court finds that a 75%–25% apportionment achieves the proper balance. Therefore, 75% of the fees, or $27,954.94, shall be paid by the State and 25% of the fees, or $9,318.31, shall be paid by the City of Valdosta.

3. *Costs*

■ Plaintiff seeks compensation for numerous expenses incurred during this litigation. Defendants have also not objected to the costs. However, the court is unable to evaluate the reasonableness of the costs because the documentation submitted by plaintiff is insufficient. The court requires information on the number of copies made and the cost per page to determine an expense award for photocopying. The court also requires the exact mileage incurred in order to determine an expense award for travel. Finally, plaintiff needs to be more specific in describing expenses such as witness fees, subpoena costs, federal express, postage, and long distance telephone charges, etc.

### CONCLUSION

In conclusion, the court awards attorney's fees to plaintiff as against the State of Georgia in the amount of $27,954.94 and as against the City of Valdosta in the amount of $9,318.31. Accordingly, plaintiff's motion for attorney's fees is **GRANTED** in the amount of $37,273.25. In addition, plaintiff has **FIFTEEN DAYS** from the date of this order in which to submit adequate documentation, as discussed above, to prove costs.

**SO ORDERED.**