SCHOONOVER, Acting Chief Judge.
The appellant, Robin C. Krivanek as The Hillsborough County Supervisor of Elections, challenges a judgment awarding attorney’s fees to the appellees, The Take Back Tampa Political Committee and Richard M. Clewis, III. We reverse.
This controversy began when The Take Back Tampa Political Committee, whose chairman was Richard M. Clewis, III, circulated a petition designed to cause an election to consider the repeal of a Tampa city ordinance. In order to succeed in their efforts to place the question before the voters, the appellees needed the signatures of ten percent (12,310) of the electors of the City of Tampa. More than 12,310 signatures were obtained, but not all of the signatures were proper for one reason or another. Additionally, because of an administrative purge of voters conducted while the petition was being circulated, the supervisor of elections did not count 410 of the signatures because they were signatures of electors whose names had been transferred to a list of inactive voters pursuant to section 98.081, Florida Statutes (1991). If those 410 signatures had been counted, the necessary number of 12,310 would have been obtained, but without them the petition was 180 signatures short of the required amount.
The appellees, claiming that the supervisor of elections was denying them and the other petition signers their First Amendment rights to petition the government and to vote, sought a writ of mandamus requiring the supervisor to count the signatures of the electors whose names had been placed on an inactive voters list during the petition drive and to certify to the city council that the petition satisfied the requirements of the city charter. The trial court agreed with the appellees’ position and granted the petition and a peremptory writ was issued. During the month of April 1992, the appellees filed a motion requesting an award of attorney’s fees pursuant to The Civil Rights Attorney’s Fees Awards Act of 1976. 42 U.S.C., § 1988 (1980). This act provides that the court, in its discretion, may allow the prevailing party in certain civil rights actions a reasonable attorney’s fee. While this motion was pending, the supervisor was prosecuting an appeal to this court. We affirmed the trial court’s decision on July 1, 1992. Krivanek v. Take Back Tampa Political Comm., 603 So.2d 528 (Fla. 2d DCA 1992). We held that the petition signers whose names had been temporarily withdrawn from the supervisor’s permanent registration book because they had not voted in two years and had not returned a response card indicating that they wished to remain voters, remained qualified electors for the purpose of signing the petition.
On July 20,1992, after our decision affirming the trial court was issued, the trial court granted the appellees’ motion to award them attorney’s fees. The court held that the appellees were prevailing parties under 42 U.S.C. section 1988 and that the action was to redress the infringement of the constitutional rights to petition the government and to vote. On January 19,1993, the trial court entered a judgment awarding attorney’s fees in the amount of $60,500. The judgment required the supervisor to pay the sum of $56,250 and the Clerk of the City of Tampa to pay the balance of $4250. The supervisor filed a timely notice of appeal.
If there had been no further proceedings in the mandamus action originally filed by the appellees, the court would have had the authority to enter the attorney’s fee judgment pursuant to 42 U.S.C. section 1988 because the appellees were the prevailing parties at that time. The supervisor of elections, however, sought review of this court’s decision affirming the trial court’s granting of the appellees’ request for a writ of mandamus, and the supreme court reversed this court’s holding on September 30, 1993, while this appeal concerning attorney’s fees was pending. Krivanek v. Take Back Tampa Political Comm., 625 So.2d 840 (Fla.1993). The supreme court found that the supervisor correctly interpreted the statutory scheme established by the legislature by refusing to validate the signatures of the electors at issue. This holding confirmed that the su *1370 pervisor’s position was correct from the beginning and made her the prevailing party in the action brought by the appellees.
Since the attorney’s fee award was based upon 42 U.S.C. section 1988 which only allows an attorney’s fee award to a prevailing party, and the appellees are no longer considered a prevailing party, the award must be vacated. Ladnier v. Murray, 769 F.2d 195 (4th Cir.1985); Dike v. School Board of Orange County, 650 F.2d 783 (5th Cir.1981).
The appellees contend that a party can be a prevailing party under section 1988 even if the party does not obtain a judicial determination or judicial relief in its favor. The appellees take the position that it is only necessary to establish that some constitutional benefit which was sought has been achieved and that the action was a catalyst to obtaining such a benefit. We agree that in some circumstances, e.g. when a voluntary dismissal is entered, the action becomes moot, or a consent decree is entered, a party may be considered a prevailing party even if he does not obtain a judicial decree in his favor. Fields v. City of Tarpon Springs, 721 F.2d 318 (11th Cir.1983). Under those circumstances, a catalyst test is often applied and relief may be granted if it is shown that the action is a causal link that prompted some remedial action. Fields. See also American Council of the Blind, Inc. v. Rom-er, 992 F.2d 249 (10th Cir.1993). “It is often explained that when plaintiffs lawsuit acts as a ‘catalyst’ in prompting defendants to take action to meet plaintiffs claims, attorney’s fees are justified despite the lack of judicial involvement in the result.” Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir.1978). Although we do not disagree with these principles, they are not applicable in the instant case for two reasons. First, this is not a case where there was no judicial determination on the merits. The plaintiff sought a mandamus requiring the supervisor to count certain signatures in the process of determining whether the appellees’ petition was sufficient. That result was never achieved and the matter was determined on the merits. Next, the supervisor never changed her position as a result of the appellees’ lawsuit. She took the position that those voters who had not voted for two years and whose names had been removed from the list of active voters should not be counted. She maintained that position throughout the proceedings and no action of the appellees resulted in causing a change in that position.
Because the supervisor prevailed on the merits of the action brought against her by the appellees, the trial court erred in awarding attorney’s fees to the appellees. We, accordingly, reverse and remand with instructions to vacate the award.
Reversed and remanded with instructions.
PATTERSON and BLUE, JJ., concur.