Hank EMERICK, Plaintiff,

v.

L & L DRIVE–INN, INC. Defendant.

No. Civ. 97–01168 ACK.

United States District Court,
D. Hawaii.

Nov. 16, 1998.

Lunsford D. Phillips, Honolulu, HI, for plaintiff.

Ken T. Kuniyuki, Honolulu, HI, Kunio Kuwabe, Hisaka, Stone, Goto, Yoshida, Cosgrove & Ching, Honolulu, HI, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KAY, Chief Judge.

### BACKGROUND

The undisputed facts in this case are as follows. In Spring of 1997, Defendant received a memorandum from Eddie Flores, Jr., president of L & L Franchise, Inc., setting forth certain requirements of the Americans with Disabilities Act ("ADA") which might be relevant to the various L & L Drive–Inn franchises. Additionally, via a newsletter dated May 1, 1997, Flores again brought the issue of ADA compliance to the attention of various L & L franchisees, including Defendant. Finally, in August 1997, Flores sent a memorandum to the various L & L Drive–Inns, urging compliance with the ADA.

In August 1997, Plaintiff's counsel retained an accessibility consultant, Brent Beals, to survey Defendant's restaurant for possible ADA violations. On September 5, 1997, Plaintiff filed the complaint in the instant case, alleging that Defendant was not in compliance with the ADA, and seeking injunctive relief plus attorney's fees and other costs. On October 7, 1997, Defendant's premises were surveyed for ADA compliance by Accessibility Planning & Consulting, and were found to be in compliance.[1] On May 1, 1998, Plaintiff served Defendant with a copy of the complaint in this case.[2]

On October 2, 1998, Plaintiff filed the instant motion for summary judgment, claiming that since Defendant removed the barriers of which Plaintiff complained, Plaintiff is entitled to summary judgment.[3] On October 28, 1998, Defendant filed its opposition. On November 5, 1998, Plaintiff filed his reply. The Court heard oral arguments on November 16, 1998.

## STANDARD OF REVIEW

### I. *Motion for Partial Summary Judgment*

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv.*, 809 F.2d at 630. At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the

---

1. The report indicated that a post and planter in the parking area created a barrier which was noncompliant with ADA standards. However, this issue is irrelevant to the instant motion, as Plaintiff has conceded that the parking area was not within Defendant's control. *See* Pl.'s Reply Mem. in Supp. of Mot. for Summ. J. at 2–3.

2. Plaintiff's late service of process was authorized pursuant to an extension of time granted by Magistrate Yamashita on April 6, 1998.

3. The Court notes that Plaintiff has amended his complaint to include defendant Windward Income Partners. Therefore, the Court will treat this motion as one for Partial Summary Judgment.

import of the evidence." *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

 Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis in original) (citing *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *See T.W. Elec. Serv.,* 809 F.2d at 630–31.

## DISCUSSION

In his complaint, Plaintiff requests an injunction ordering Defendant to comply with the ADA, attorney's fees, and other costs. However, since the time Plaintiff sent Mr. Beals to survey Defendants' restaurant, Defendant has remedied its ADA violations. Thus, injunctive relief is no longer warranted in this case. In fact, Plaintiff specifically states in his reply

brief that "injunctive relief is no longer necessary." *See* Pl.'s Reply Mem. in Supp. of Mot. for Summ. J. at 4.

Nonetheless, Plaintiff is moving for summary judgment on the issue of his status as a "prevailing party" in order to enable him to collect attorney's fees and other costs. The Court may, in its discretion, award attorney's fees and costs if it finds Plaintiff to be the "prevailing party." Title 42 of the United States Code, Section 12205, reads:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. Thus, the only issue remaining in the instant motion is whether Plaintiff is entitled to prevailing party status.[4]

 To be deemed the prevailing party, Plaintiff must establish that "some goal of the lawsuit was achieved" and that there was a *"clear causal connection* between the litigation brought and the practical outcome realized." *Clarke v. Inter–Continental Hotels Corp.,* 1994 WL 269765 (N.D.Cal. May 31, 1994) (citing *Braafladt v. Board of Governors of Or. State Bar Ass'n,* 778 F.2d 1442 (9th Cir.1985)) (emphasis added). As to the first requirement, it is undisputed that the goal of the instant litigation—to eliminate Defendant's ADA violations—was achieved. However, Plaintiff must also establish a causal connection between his actions and Defendant's compliance.

4. Although there may be an issue as to whether the parking lot is currently in compliance, the parties agree that the parking lot is not within Defendant's control and thus the Court does not reach this issue. Similarly, although both Plaintiff and Defendant discuss the issue of the entrance ramp in their briefs, since Plaintiff has indicated that "injunctive relief is no longer necessary," the Court finds that Plaintiff has abandoned its claim with respect to the entrance ramp, and accordingly, does not address this issue.

To establish a causal connection, Plaintiff must show that his actions were a "significant factor" or a "catalyst" which motivated Defendant to comply with the ADA. *See id.; see also Wilderness Society v. Babbitt,* 5 F.3d 383, 386 (9th Cir.1993); *American Constitutional Party v. Munro,* 650 F.2d 184, 187 (9th Cir.1981); *Independent Living Resources v. Oregon Arena Corp.,* 982 F.Supp. 698, 771 n. 102 (D.Or. 1997). The Court finds that there is a genuine issue as to whether Plaintiff's action was the catalyst for Defendant's ADA compliance.

Plaintiff argues that his actions prompted Defendant into ADA compliance. To support this contention, Plaintiff points out that Defendant brought its restaurant up to ADA standards *after* Plaintiff retained Mr. Beals to inspect Defendant's restaurant, and *after* Plaintiff filed the complaint in the instant suit. However, Defendant has produced undisputed evidence of three separate communications from its franchisor, Eddie Flores, urging compliance with the ADA. These communications were sent to Defendant several months before Plaintiff's actions. Furthermore, Defendant was not served with the complaint in this case until May 1, 1998, almost seven months after Defendant was deemed to be in compliance with the ADA. Plaintiff has not shown that Defendant was even aware of this suit prior to that time. Finally, Defendant contends that it brought its restaurant into ADA compliance in late August or early September, so there is a question as to whether or not Defendant's ADA compliance took place before or after the filing of the instant lawsuit. Thus, while it is possible that Plaintiff's actions prompted Defendant's compliance, Plaintiff has failed to prove that no genuine issue of material fact exists as to the actual "catalyst" in this case.[5]

---

**5.** At oral argument, Defendant argued that it is not the proper defendant in this case. Defendant contends that L & L Drive–Inn, Inc. is no longer the operator of the Kailua L & L Drive–Inn, and has not been for several years.

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

Thus, the Court finds that there is also a genuine issue of material fact as to whether Defendant L & L Drive–Inn, Inc. is the proper Defendant in this case.